THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* JAMES WOOD, defendant in error.

1. In an action upon the case against a railroad company, it was charged in the declaration that the defendant had stopped and dammed up a stream of water with an embankment, and caused a pond of water to accumulate and remain, and that thereby the plaintiff's family had been made sick, and he had been put to great expense and loss of time, etc. On the trial it was proposed to amend the declaration, and charge that defendant had thrown up an embankment in altering the locality of its road-bed, and had in so doing turned up and exposed to the sun and air, earth that had before been unexposed, and had thus produced malaria and caused sickness in the plaintiff's family, etc. The judge refused to allow the amendment, and there was a verdict for the defendant, and a motion for a new trial on various grounds. The judge granted the new trial on the ground that he erred in refusing the amendment, but overruled the motion on the other grounds:

*Held*, that the amendment was properly refused. It was a new cause of action, and under section 3480 of the Code an amendment introducing a new cause of action is not allowable.

2. When on a trial before a jury the court commits error of law, but the verdict is such as is required by the evidence, and must have been the same had there been no error, a new trial ought not to be granted for such error.

Amendment.   New trial.   Before Judge HILL.   Bibb Superior Court.   October Term, 1873.

James Wood brought case against the Central Railroad and Banking Company for $20,000 00 damages, alleging that the defendant had dammed up a stream of water causing a pond, whereby malaria arose, producing sickness in the family of the plaintiff and putting him to great expense, trouble, loss of time, etc.   In the course of the trial, the plaintiff proposed to amend his declaration and charge that the defendant had thrown up an embankment in altering the locality of its road-bed, and in so doing had turned up and exposed to the sun and air, earth that had been before unexposed, and had thus produced malaria, causing sickness, etc.   The court refused to allow the amendment, and the plaintiff excepted.

The evidence is unnecessary to an understanding of the decision.   It failed to sustain the case sought to be set up by the plaintiff.

The jury found for the defendant.   The plaintiff moved for a new trial on the following grounds, among others :

1st.   Because the verdict was contrary to law.

2d.   Because the court erred in refusing to charge the request of the plaintiff, as follows : " That if the jury believed from the evidence that the defendant, by reason of its construction of the embankment and the backing of the water consequent thereon, produced sickness in plaintiff's family, the plaintiff is entitled to recover."

3d.   Because the court erred in refusing to charge the following request: "That in considering the question of whether the defendant's conduct in regard to said embankment and pond caused the sickness in plaintiff's family, the jury may take into consideration the excavations of earth, and the exposure of the same to the sun, and the malaria arising therefrom, if they believe such resulted in injury to plaintiff's

health and that of his family, and that such excavations and exposure, etc., were made by defendant or his servants and agents."

4th. Because the court erred in charging the jury as follows: "It is not denied that plaintiff's family was sick the year this was done, 1870, and since, in 1871 and 1872, to a less extent. The question for you to ascertain is how much of this sickness (if any) was caused by this pond over and above what the stream and ground covered by the pond would have done without the dam and pond—that is, how much more marsh and bog would be exposed to overflow and sun. In order to determine this, you will carefully scan the testimony as to the effect of this ground being covered with water instead of being left exposed to the sun. Also, look to other exposures of Wood's residence to other sources of malaria, other ponds, if any, the river and river swamp, if near and accessible, their malaria and the large excavations of fresh cuts lawfully used in making the embankment in 1870; also, look to the precautions taken by the defendant to prevent damage from the pond—two culverts put in of a size, that one had proved sufficient to carry off surplus water in the old embankment across the stream—the clearing up of the ground covered by the pond, etc., and after examining all this, you will find your verdict for the plaintiff or defendant as the case may be."

5th. Because the court erred in refusing to allow the amendment aforesaid.

The court ordered a new trial upon each of the aforesaid grounds, overruling the others, and defendant excepted.

R. F. LYON; S. D. IRVIN; JACKSON, LAWTON & BASINGER, for plaintiff in error.

JACKSON, NISBET & BACON, for defendant.

McCAY, Judge.

1. The action in this case was for erecting a pond, and thereby, as a consequence of such erection, causing sickness in

the plaintiff's family. Were the pond a mere incident to the embankment there might be some ground for the claim that the amendment is only another mode of stating the same cause of action. But the evidence is clear, and the proposed amendment conforms to the same idea that the embankment and the pond are different enterprises. Ordinarily, water is allowed to pass through a railroad embankment by a culvert. But the railroad company here *undertook to make* a pond. The water was gathered, dammed up around a tube or well until it rose to a certain height, when it ran over into the well, and thence down the well into the culvert and under the embankment. It was the *purpose* of the company to make a pond, and it was for making this pond that the action was brought. The damages were laid as flowing by consequence therefrom. The amendment introduces the embankment as the cause of the damage, and claims that defendant has become liable, not for erecting a pond, but for throwing up the hitherto covered up earth, and exposing it to the sun and air, and forming the malaria in it, so as to cause sickness, etc. These are essentially different causes of action. The verdict, as it stands, is clearly no bar to a new suit for erecting the embankment. Our law permits any number of torts or contracts to be joined in one suit. But section 3453 of the Code expressly enacts that no new and distinct cause of action shall be introduced by way of amendment. We think this is a new and distinct cause of action, and that it was proper, under the express words of the Code, to refuse it. It follows that the new trial should not have been granted on this ground.

2. But it is contended that admitting this, the judgment granting the new trial is right, because the other grounds are sufficient. True, the judge overruled these grounds, but if the judgment was right it is immaterial what reason the court gave for it. We recognize this as a sound position, except so far as that in considering these grounds this court is to treat them as not sufficient, in the *discretion* of the judge, to authorize a new trial. We think there were errors committed by the court in his rulings on the trial. He should have given

the charge asked for as to the right of the plaintiff to recover the value of the drugs, etc., if it were proven that the pond caused the sickness, and we think there was rather too much particularity in pointing out to the jury the considerations unfavorable to the plaintiff's case. We are not satisfied either, with the charge as to the medical books. It gave a sanction to the argument of the defendant based on those books that belongs only to sworn testimony. But we do not think these errors vitiate the verdict. Under the evidence it is a proper verdict. The plaintiff's case before the jury was quite a weak one. The pond very evidently was innocent of the damage claimed to be caused by it, and the jury must have found the same way had there been nothing in the rulings of the judge to complain of. The object of this court is not to correct abstract errors of law, but to interfere when parties suffer wrong from such errors. The question is not simply did the court err? But did he err to the *hurt* of the cause of the plaintiff in error. We do not think these errors hurt the plaintiff's cause before the jury. The verdict is a proper and just one under the evidence, and one that the jury must, with proper consideration of the facts, have rendered had none of the matters complained of occurred. As the amendment was properly rejected, we therefore think there ought to be no new trial.

Judgment reversed.