## HENDERSON vs. CENTRAL RAILROAD.

1. Where a declaration claimed damages by reason of the plaintiff's having fallen into a well situated on the right of way of a railroad, and which had been carelessly left open and unguarded, an amendment which alleged that the well was on the land of the plaintiff, and that the defendant entered on the land without plaintiff's knowledge or consent and cut away the vegetable guards and protection around the well, sought to introduce a new cause of action, and was properly rejected.

(a.) If not so, the amendment was immaterial. The same case was made by the original declaration as would have been made by the amendment, and its rejection did no injury. The same testimony was admitted as would have been admissible if the amendment had been allowed, and no right was denied the plaintiff by its rejection.

2. While the plaintiff was being examined in his own behalf, he was shown a ticket or free pass which purported to have been issued by the railroad company to him as agent, and he was asked by defendant's counsel if such a pass had not been received by him, and if he did not ride on it the night the accident occurred, to which he responded affirmatively. After the plaintiff had closed his evidence, the ticket or pass not having been offered in evidence, plaintiff moved to rule out his testimony as to it:

*Held*, that there was no error in overruling the motion.

3. This court having held that, under the facts of this case, the plaintiff was not entitled to recover, such ruling is *res adjudicata*, and the same case being made on another trial, a non-suit was properly granted.

December 2, 1884.

Amendment. Evidence. *Res Adjudicata*. Non-suit. Before Judge CARSWELL. Screven Superior Court. May Term, 1884.

To the report contained in the decision, it is only necessary to add that the objection to the evidence in reference to the pass and the ruling of the court thereon are stated as follows in the bill of exceptions :

" During the progress of the cause, while the plaintiff was on the stand as a witness in his own behalf, defendant's counsel, on cross-examination, handed him a paper purporting to be a free pass on defendant's railroad, and

asked him if his name did not thereon appear before the printed word, " agent," as the person in whose behalf said ticket was issued. Plaintiff's counsel objected to said question, on the ground that the paper was the highest evidence of its contents; and that it was the defendant's duty, if it desired the contents of the paper to get before the jury, to offer the paper in evidence after plaintiff had closed his case. The court overruled the objection and permitted the witness to answer the question, the answer being that his name did so appear."

In the brief of evidence in the bill of exceptions, it appears that the plaintiff testified that he had a pass on which he was riding; that he wrote to the superintendent saying that, as the railroad used the platform of his store for freight, and he took care of freight and listed cotton shipped there, he thought he might have a pass, which was given. A pass issued to "W. M. Henderson, agent," was shown him, and he stated that he thought that was the pass on which he was riding on the night of the injury. After the testimony closed, plaintiff's counsel moved to rule out what he stated as to the ticket, which was refused.

BLACK & DELL; HOOK & MONTGOMERY, for plaintiff in error.

A. R. LAWTON; HENRY JACKSON, for defendant.

BLANDFORD, Justice

The original declaration claimed damages from defendant by reason of having fallen in a well situated on the right of way of defendant, and which had been carelessly left open and unguarded. Plaintiff proposed to amend his declaration by alleging that the well was on the land of plaintiff, and that defendant entered on plaintiff's land without his knowledge or consent, and cut away the vegetable guards and protection around the well, etc. This is the only material amendment proposed. The court

rejected the amendment, and this is excepted to, and error is assigned thereon.

1. This amendment made a new cause of action, and was properly rejected for this reason; and even if this were not so, we do not think that the rejection of this amendment hurt the plaintiff in any way. The same case was made by the original declaration as would have been made by the amendment. The same testimony was admitted as would have been admissible if the amendment had been allowed. The amendment was wholly unnecessary and immaterial. No right was denied the plaintiff by the refusal of the amendment.

2. While the plaintiff was being examined in his own behalf, he was shown a ticket or free pass which purported to have been issued by the railroad company to him as agent, and he was asked by defendant's counsel if such a pass had not been received by him, and if he did not ride on the same the night the accident occurred, to which he responded affirmatively. After the plaintiff had closed the evidence, the ticket or pass not having been offered in evidence, plaintiff moved to rule out his testimony as to the ticket or pass. This motion was overruled by the court, and this is excepted to and forms an assignment of error.

The court did right to refuse plaintiff's motion to rule out this evidence. This evidence of plaintiff was an admission against himself. Such testimony, when pertinent to the issue being tried, is always admissible.

3. The court, on motion of defendant's counsel, awarded a non-suit in said case, and this ruling is excepted to, and forms the main ground of exception.

Was the non-suit properly granted? This depends upon another question, was there sufficient evidence to authorize a recovery by the plaintiffs?

This last question was answered in the negative by this court when this case was before it at the September term, 1882. 69 *Ga.*, 715. The facts of the case at that time

were the same as the facts now before us in every essential particular, and it was then ruled and decided by this court, " If one, as agent of a railroad company, accepted a free ticket therefrom, and while traveling over the road, free of charge, upon leaving a train near a depot, was injured, he would be estopped from denying the existence of his agency," and again, " where the injury did not result from the running of trains, but resulted from the existence of a dangerous hole in the ground, held by the company in connection with its depot, at which the injured party was an agent, it would be necessary for him to be wholly blameless to authorize a recovery." It was further held in this case, " Even if it be conceded that the plaintiff was not a co-employé of the company and stands unaffected by being agent and traveling on a free ticket, the facts show that his own negligence was the cause of the injury, and that he could have avoided it by ordinary care," " and the question is, could he not by ordinary care have avoided the danger and damage, and did not his own negligence or want of prudence, ordinary prudence, cause the calamity ? It so appears to us from this record; and while negligence is a question of fact for the jury, yet it is the right of the court and its duty to supervise verdicts and grant a new trial where the verdict is without evidence. . . . " Such being the ruling of this court in this case, to reverse the judgment of the court below, granting a non-suit in this case, would be to reverse the decision of this court rendered as before set out, which decision is *res adjudicata*, and over which we have no power, as has been frequently held by this court. It follows, therefore, that the judgment of the court below must be affirmed.

Judgment affirmed.