SKIDAWAY SHELL ROAD CO. *vs.* O'BRIEN.

1. Where an amendment to a declaration was filed in the office of the clerk of the superior court in vacation without notice to the defendant, and no order was taken allowing it, and at the next term, on discovering it, the defendant claimed a surprise, and obtained a continuance, and, at the same term, the defendant filed a motion to strike the amendment, on the ground that it introduced a new cause of action, such motion was in time.

2. Where a declaration claimed damages, on the ground that the defendant had unlawfully dug a hole or ditch at the junction of a shell road, and a village road or path leading thereto, into which the plaintiff fell, it could not be amended by seeking to recover, because the defendant had removed a certain plank crossing erected by it over a ditch or hole, by reason of which the plaintiff fell into the ditch.

December 19, 1884.

Practice in Superior Court. Amendment. Torts. Before Judge ADAMS. Chatham Superior Court. March Term, 1884.

Reported in the decision.

W. S. BASINGER; A. R. LAWTON, for plaintiff in error.

RICHARDS & HEYWARD, for defendant.

BLANDFORD, Justice.

Ellen O'Brien brought her action against the Skidaway Shell Road Company, and by her declaration she averred:

"For that, whereas, heretofore, to-wit: on July 20th, 1878, the defendant unlawfully or wrongfully dug, or caused to be dug, a ditch or hole at the junction of the Skidaway Shell Road, in said county, and a village path or road leading thereto, near the toll gate of defendant on said road, and joining therewith, into which ditch or hole your petitioner fell at night. . . . "

The plaintiff proposed to amend her declaration as follows:

"That over the hole or ditch into which she fell the defendant

had previously maintained, placed and kept up a plank, board or wooden crossing to enable the public and people living in the neighborhood, including plaintiff, to have access to said shell road at said point, where a certain street or roadway for the use of the people joined said shell road, separated only by a ditch, which ditch was bridged over by defendant for the use of the public, which said bridge, plank or wooden crossing was removed by defendant without notice to plaintiff, under such circumstances as to constitute neglect by defendant to caution or protect the public or your petitioner from falling into the open hole or ditch made by the removal of said crossing, etc., that plaintiff, in the exercise of care, fell into the hole or ditch, and was injured, etc."

This amendment was filed in the clerk's office in vacation without notice to defendant; at the next term of court, when the parties were proceeding with the trial of the case, defendant's counsel discovered the amendment, and immediately claimed a surprise. The court continued the case, and defendant's counsel immediately filed a motion to strike the amendment, because the same contained a new cause of action. At the next term of the court, argument was had on this motion, and the court overruled the same, and defendant excepted. The jury found for the plaintiff, and defendant moved the court for a new trial, which was refused by the court, and this is excepted to.

1. The defendant was in time with its motion to strike the amendment. The same had not been allowed by the court, and the motion was made at that term of the court, when the amendment was discovered.

2. The amendment introduces a new and distinct cause of action. The original action was founded on the allegation that the plaintiff was injured and sustained damage by reason of having fallen into a hole or ditch which the defendant had unlawfully or wrongfully dug. The amendment seeks to recover damages of defendant, because it removed a certain crossing over a ditch or hole, by reason whereof plaintiff fell into the ditch, and was injured. It seems to us that it needs but a statement to demonstrate that the amendment constitutes a different course of action from that set out in the original declaration. See *Central*

*Railroad vs. Wood*, 51 *Ga.*, 515; *Henderson vs. Central Railroad*, decided at this term.

So we think the court erred in refusing the motion of the counsel of plaintiff in error to strike the amendment offered by defendant in error.

Judgment reversed