## COX *vs.* MURPHY.

1. Where the original declaration alleged, in substance, that plaintiff was attacked in the streets of a city by a wild and ferocious steer the property of defendants, or one of them, that it was in the possession of the servants of one of them, and that the defendants knew that the animal was ferocious, dangerous, and had a propensity for attacking persons, but attempted to drive it through the streets: subsequent amendments going more into detail as to the manner of plaintiff's injury, but alleging that the steer was wild and ferocious, and that this was known to the defendant (the other defendant having been stricken), were germane to the original declaration and did not introduce a new cause of action. But an amendment which did not allege that defendant knew the animal was vicious, or even that it was vicious, but alleged that defendant kept it so negligently that it escaped and injured plaintiff, introduced a distinct cause of action, and was improperly allowed.

2. There was no evidence that defendant had any knowledge that the steer was vicious or ferocious or had any propensity to trample upon people; and as, under the ruling above, plaintiff could not recover upon an allegation of negligent driving or negligent escape, the verdict in favor of defendant must be upheld.

April 8, 1889.

Pleadings. Amendment. Actions. Negligence. Verdict. Before Judge HARDEN. City court of Savannah. May term, 1888.

82   623
109   606

82   623
118   852

82   623
120   794

Reported in the decision.

GARRARD & MELDRIM, for plaintiff in error.

CHARLTON & MACKALL and HENRY McALPIN, by brief, contra.

SIMMONS, Justice.

Murphy sued Cox for damages. In his original declaration he alleged, in substance, as follows: On the streets of Savannah he was attacked by a wild and ferocious steer, the property of S. H. Zoucks and D. Cox, or one of them; that it was in the possession of Cox's servants; that the defendants knew that the animal was ferocious and dangerous and had a propensity for attacking persons, but that they attempted to drive it through the public streets of Savannah. The declaration then shows how the plaintiff was injured and damaged. The plaintiff amended his declaration by alleging that Cox had damaged him in the sum named, because he carelessly kept the steer, well knowing that it was accustomed to attack, gore and trample mankind, and while so keeping it, it attacked, gored and trampled upon the plaintiff. He offered a second amendment, wherein he alleged that Cox was the owner or had in his custody, care, keeping or control this animal, and so negligently kept it that it escaped and unlawfully came upon the streets and injured the plaintiff, who was lawfully walking thereon. In a third amendment, he alleged that the defendant kept a vicious and dangerous steer, which, by the careless management of the defendant or his agents in attempting to drive it along the streets, was allowed to escape and go at liberty, upon which it attacked, gored and trampled on the plaintiff, who was walking along the street, without any fault on his part. The plaintiff also amended the decla-

ration by striking therefrom two of the defendants, to wit, Zoucks and the mayor and council of the city of Savannah leaving Cox the sole defendant.

Cox moved to strike the amendments, on the ground that they contained a new and distinct cause of action ; that they did not make out, either by themselves or in connection with the original declaration, any legal cause of action against the defendant. The motion was overruled, and the trial was had on the original declaration and the amendments thereto, and the jury returned a verdict in favor of the defendant. The plaintiff moved for a new trial, on the ground that the verdict was contrary to law and to the evidence. A new trial was granted, and the defendant excepted.

There were two grounds insisted on before us for reversal of the judgment of the court below : (1) that the court erred in allowing the amendments to the plaintiff's declaration ; and (2) that the court erred in granting a new trial.

1. We think the court was right in allowing the first and third amendments to the declaration. It will be remembered that the original declaration alleged that this was a wild and ferocious steer, and that the defendant knew that it was ferocious and dangerous and had a propensity for attacking persons. The first and third amendments, while they go more into detail as to the manner of the plaintiff's injury, both alleged that the steer was wild and ferocious, and that this was known to the defendant ; and we think, therefore, they were germane to the original declaration, and did not introduce any new cause of action. They simply allege more particularly than the original declaration did, the escape of the steer and the fault of the defendant in allowing him to go at large. Both adhere to the vicious character of the animal.

v 82-40

The second amendment, however, does not make these allegations, but alleges that the steer was so negligently kept that it escaped and unlawfully came upon the streets and injured the plaintiff. We think it was error to allow this amendment; for it alleged an entirely distinct cause of action from the original declaration. As said before, the original declaration and the first and third amendments charged the defendant with knowingly keeping a vicious animal and allowing it to go at liberty; the second amendment does not allege that the defendant knew that the animal was vicious, or even that as a matter of fact that it was vicious; but alleges that the defendant kept it so negligently that it escaped and injured him. The plaintiff could not recover, under the original declaration and the first and third amendments, without proving to the satisfaction of the jury that the defendent knew that the animal was vicious and allowed it to escape or go at large. Under the second amendment he might perhaps recover by simply proving the negligent keeping and escape, and the injury. Under the original declaration and first and third amendments, it was necessary to prove the *scienter* of the defendant; under the second amendment this was unnecessary. We therefore think that the second amendment contained a new and distinct cause of action, and should not have been allowed. Taking this view of these amendments, we think the court erred in granting a new trial in this case.

2. We have read the evidence carefully, and there is no intimation in it that the defendant had any knowledge whatever that this steer was vicious or ferocious or had any propensity to trample upon people. Indeed the evidence shows that it, with seven others, had been shipped to the defendant by a farmer from a distant county, and had only been received by the defendant in

Cox *vs.* Murphy.

his stock-yard a few hours before the plaintiff was injured. We have carefully read the opinion of the learned judge who tried the case below, and who granted a new trial, and he put the grant of a new trial upon the ground that the defendant's servants were negligent in driving this animal through the streets and allowing it to escape. If we are correct in holding that the second amendment offered by the plaintiff was improperly allowed, of course it follows that the plaintiff could not recover upon this ground. The only cause of action which he had against the defendant was, that the defendant knowingly kept a vicious animal and allowed it to escape, whereby he was injured. As we have shown, he could not recover in this case unless he had proved the defendant's knowledge of the vicious character of the animal. He could not recover upon an allegation of negligent driving or negligent escape. If he had brought his original action for negligently driving an animal through the streets, or for negligently allowing the animal to escape, and had proved it and his injury, he could have recovered; but as he brought it against the defendant for knowingly keeping a vicious animal and allowing him to escape, he must recover, if at all, upon that ground, and not upon a new and distinct cause of action as set out in his second amendment. Entertaining these views, it is unnecessary to discuss the refusal of the court to give in charge the two requests made by the defendant, except to say that they seem to us, under the facts in this case, so far as properly pleaded, to be sound principles of law.

Judgment reversed.