## GEORGIA RAILROAD & BANKING CO. v. ROUGHTON.

Inasmuch as the amendment to the petition alleged an entirely different act of negligence upon the part of the defendant as the cause of the plaintiff's injury, it set forth a new cause of action, and therefore should not have been allowed.

Argued December 6, 1899. — Decided January 27, 1900.

Action for damages.  Before Judge Lumpkin.  Fulton superior court.  March term, 1899.

Roughton sued the Georgia Railroad & Banking Company for personal injuries alleged to have been sustained by him by reason of the defendant's negligence.  Upon announcement by the court that the general demurrer filed to the petition by the defendant, would be sustained, plaintiff offered an amendment to the petition, to the allowance of which the defendant objected, on the ground that it added a new cause of action.  The court overruled the objection and allowed the amendment; whereupon the defendant excepted.  According to the allegations of the plaintiff's original petition, a spur-track of the defendant ran along Badger street and across Borne street in the city of Atlanta, and the defendant had left cars standing on the spur-track in such a position that a pedestrian could not get from Badger street on to the sidewalk of Borne street without going·

into the middle of the latter street at its junction with Badger, and going around these cars. "Said cars were so left that the light from an electric light, which is placed there, was shut off that portion of said street over which petitioner was compelled to travel, and petitioner, for said reason, could not see his way. The ground at the end of said car where petitioner was compelled to walk was rough and uneven, the ground was covered with snow and ice, and was quite slippery. In going around said car, which petitioner was compelled to do to get to the sidewalk, he slipped and fell, breaking two of his ribs and otherwise hurting and bruising himself." There were no other allegations of negligence. The amendment practically reiterated the allegations of the original petition, with the following material addition: "That at the end of said cars defendant company had, during that day and since plaintiff had passed along that morning going to his store, dumped and left unscattered a pile of dirt and old brickbats which had become frozen and hard where plaintiff was compelled to walk around said cars, which made the ground rough and uneven, it being also covered with sleet and ice; and said pile of dirt and brick could not be seen, owing to said light being shut off by the cars as aforesaid, and no signal or warning of any kind left to put persons on notice of the rough place. The sidewalk upon which he had a right to pass, to wit, on Badger street, was smooth and safe, and he could have safely gotten to his destination. That when plaintiff reached said spur-track he found said cars obstructing his way as aforesaid, extending up into and nearly across Borne street, at the junction of said Badger street, which forced plaintiff, in order to pass, to go around said cars to get to the sidewalk on said Borne street, and just as he was passing around said cars he stumbled and fell upon said hard and frozen earth and brickbats left that day by the defendant company, with great force, breaking two of his ribs," etc.

*Joseph B. & Bryan Cumming* and *Sanders McDaniel*, for plaintiff in error, cited, as to the amendment: 1 Enc. Pl. & Pr. 563; 51 *Ga.* 515; 68 *Ga.* 744; 73 *Ga.* 655; Id. 718; 82 *Ga.* 623; 87 *Ga.* 764; 92 *Ga.* 644; 102 *Ga.* 254.

*H. M. Patty*, contra, cited, as to amendment, 87 *Ga.* 691.

FISH, J.   We think the court erred in allowing the amendment to the petition, over the defendant's objection, as, in our opinion, the amendment manifestly set forth a new cause of action.   The negligence complained of in the original petition, as the cause of the plaintiff's injury, was, that the defendant had left cars standing on its spur-track, in such a position that the plaintiff could not get from Badger street, along which he was passing, to the sidewalk of Borne street, without going into the middle of the latter street and passing around the cars, and that the ground on which he was thus forced to walk was rough, uneven, covered with snow and ice, and slippery, in consequence of which, in walking around the cars, he slipped and fell, thereby sustaining the injury for which he sued.   The negligence alleged against the defendant was the leaving of its cars across the street.   It was not alleged that the defendant was, in any way, connected with, or responsible for, the condition of the street at the point where the plaintiff slipped and fell.   The amendment, however, alleged that the defendant "dumped and left unscattered a pile of dirt and old brickbats, which had become frozen and hard where plaintiff was compelled to walk around said cars, which made the ground rough and uneven," and that the defendant left no signal or warning of any kind to put persons on notice of the rough place.   This amendment introduced an entirely new item of negligence on the part of the defendant as the cause of the plaintiff's injury, viz., the placing of an obstruction in the street and leaving it unguarded, thus adding a new and distinct cause of action, which section 5099 of the Civil Code forbids.   See *Central R. & Banking Co.* v. *Wood,* 51 *Ga.* 515; *Skidaway S. R. Co.* v. *O'Brien,* 73 *Ga.* 655; *Henderson* v. *Railroad Co.,* Id. 718; *Cox* v. *Murphey,* 82 *Ga.* 623; *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126.

*Judgment reversed.    All the Justices concurring.*