¯1202. ·CHARLESTON AND WESTERN CAROLINA RAIL-
WAY COMPANY *v.* LYONS.

1. "The true criterion for determining whether an amendment is admissible is this: whether the amendment is of another cause of controversy, or whether it is the same contract, or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with the proof and the merits of his case. The plaintiff can not introduce an entirely new ˙cause of action; but if he adhere to the original cause of action, he may add a count substantially different from the declaration."

'2. The defects pointed out by the special demurrers are cured by the amendments allowed. In an a'ction for negligence, the statement that the plaintiff was without fault is not a conclusion, but a statement of fact.

:3. A general demurrer to a plaintiff's petition may properly be overruled where the invoked legal conclusion that he has no cause of action must depend entirely upon the court's knowledge of the law of a foreign State, and is not supported by that law. Where the law of a foreign State is known and properly administered by the trial judge, his judgment will not be reversed. Especially is this true where the demurrer ,does not make the point that the foreign law on which the plaintiff's cause of action is based is not pleaded by him.

Action for damages, from city court of Richmond county—
.Judge Eve.    May 8, 1908.

Argued July 16, 1908:—Decided February 20, 1909.

*William K. Miller,* for plaintiff in error

*Harrison & Barwick,* contra.

RUSSELL, J.    James Lyons, a train-hand, sued for a personal injury received on ·a dirt-train of the defendant company in South

Carolina. The original petition alleged: "3. That on July 22 1907, your petitioner, while an employee of said company, was engaged in loading dirt upon said company's train of flat cars, about three-hundred yards Augustaward from Allendale, a station on said road, in the State of South Carolina. 4. That on said date, between five and six o'clock p. m., the conductor who was in charge· of said train ordered petitioner and the other employees to 'hurry' up and board the flat cars, as he wished to sidetrack said train for· the regular passenger train to pass.' 5. That, in accordance with· said order, petitioner boarded and was seated upon a flat car just in front of the engine,—the engine having the cars in front of it,— and was using all possible diligence for his own safety. 6. That said conductor who was upon said engine gave the engineer on said' train a signal to go forward. 7. That the engineer, instead of starting the said engine at a slow rate of speed and gradually in-- creasing same, in a negligent manner caused said engine to start off at a high rate of speed with a sudden, unusual, unnecessary,. and violent lunge or jerk, causing the car upon which petitioner was riding to give a sudden, unusual, unnecessary, and violent lunge or jerk, and throwing petitioner violently to the ground with his left leg upon the track, when said engine ran over and crushed said leg. 8. That by. reason of said injury, it was necessary to amputate said injured leg; and as a result thereof petitioner is. wholly incapacitated for earning a livelihood. 9. That petitioner was entirely without fault, having in no way contributed to said' injury; but said injury was caused solely by the negligence and. carelessness of the engineer of said company in causing said engine· to give said sudden, unusual, unnecessary, and· violent lunge or· jerk." It is certified, in the bill of exceptions, that "during the argument plaintiff proposed to amend his petition, which was. objected to ·by the defendant on the ground that it introduced a. new cause of action. These objections were overruled and the court allowed the amendment. Defendant thereupon renewed its demurrer to the petition as amended, . . and the court with-- held its decision until May 8, 1908, when he rendered a decision overruling the demurrer." The order by which the amendment was allowed by the court is not in the record (not having been specified as material to be sent up), but the objection urged, as appears by the brief of counsel for plaintiff in error, is, that the.

amendment was to the effect that the engineer was incompetent, and that this amendment introduced a new cause of action.

1. As it appears from other amendments presented by the record (one of which is intended to amplify the statement of the engineer's incompetence, and is specially demurred to) that the point is presented sufficiently to render it unnecessary for us to require that a transcript of the original amendment, with the order of the court, be sent up, we shall proceed first to rule upon the propriety of the judgment allowing the amendment which set up that the engineer was incompetent. The question is whether this amendment introduced a new cause of action. It is clear from the petition, the material portions of which we have quoted above, that the plaintiff's cause of action depended upon a certain definite transaction identified by the petition, and that he relied for a recovery upon the negligence of the defendant company only so far as the injury was due to the company's engineer upon the special occasion named. In other words, the gist of the action is that the plaintiff's injury was due to the engineer, and especially to the way in which the engineer acted on the occasion in question. The plaintiff's case does not rely upon negligence of the defendant in failing to have proper machinery, or upon its failure to keep up its track, nor depend, as we see it, upon anything except negligence of the defendant due to its engineer's acts, though even an amendment setting up negligence as to machinery, etc., would be allowable. It therefore seems to us that the allegation that the engineer was incompetent is merely an amplification of the original allegation of negligence relied upon; for it is not upon the negligence of the engineer as an individual, but his negligence as a servant of the defendant company—and, therefore, *its* negligence—that the plaintiff must at last depend for recovery. Unless the company is in some way chargeable with the engineer's negligence, the company would not be liable. The negligence of the company is the question finally to be determined, and the negligence or incompetence of the engineer as a servant of the company must be imputed to the company before the defendant can be said to have been negligent. The question to be considered, then, is when, how, and in what manner was the Charleston & Western Carolina Railway Company negligent upon the occasion identified by the plaintiff? In the original petition the plaintiff says that the company was

negligent because its engineer started off its engine at too high a rate of speed, and with a sudden, unusual, unnecessary, and violent jerk, which threw the petitioner to the ground. It certainly appears to us that if the petitioner could strengthen his case by evidence that the engineer did this because he was incompetent, he ought to be able to amend his pleadings so as to permit that evidence, which only relates to the same transaction between the same parties. If it did nothing more than afford a means of enabling the jury on the trial to determine whether the company was negligent on the occasion mentioned, the amendment would be germane. Furthermore, if the company is negligent because its servant acted negligently, it can not be said that it would be any less negligent in respect to the engineer or on account of the engineer's acts, by reason of the fact that he was incompetent and that this fact was known to the company. The identity of the cause of action was so established by the allegations of the original petition that even if the amendment varies the specifications of negligence, the cause of action is the same.

In *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318), in which many of the earlier cases are discussed, it was held, that "a cause of action is some particular right of the plaintiff against the defendant, together with some definite violation of that right." The right of the plaintiff in the present case (if he has a cause of action) was to be carried safely to his destination, even if he was not a passenger but an employee whom the master was transporting by a means of conveyance of his own selection. The alleged violation of the right was the starting of the vehicle at an unnecessary and hazardous rate of speed, whereby the plaintiff was thrown off the car and injured. The time, place, and circumstances under which the plaintiff was about to take his ride, as directed by another agent of the defendant, are fully identified in the petition. The wrong for which he sues is the failure of the defendant to use care for his safety in the transaction alleged by him. "No new and distinct cause of action is added to a petition by an amendment which contains additional matter descriptive of the same wrong pleaded in the original petition, and which does not plead any other or different wrong. . . Where, in an action ex delicto, the petition sets out certain acts of negligence, to show a violation by defendant of the plantiff's right, such petition may

be amended by setting out additional acts of negligence to show substantially the same violation of the same right." *City of Columbus* v. *Anglin,* supra. The rule has never been more clearly stated, in our opinion, than by Judge Lumpkin in one of the earliest decisions of the Supreme Court, *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385), where it is said: "The true criterion for determining whether an amendment is admissible we take to be this,—whether the amendment proposed is another cause of controversy, or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proof, and the merits of his case." In the *Anglin* case, supra, Chief Justice Simmons, delivering the opinion of the court, says (p. 793): "So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action." And in this ruling, whatever is in conflict with the principle therein announced, in *Central R. Co.* v. *Wood,* 51 *Ga.* 515, *Skidaway S. R. Co.* v. *O'Brien,* 73 *Ga.* 655, *Henderson* v. *Central Railroad,* 73 *Ga.* 718, *Cox* v. *Murphey,* 82 *Ga.* 623 (9 S: E. 604), and *Georgia R. Co.* v. *Roughton,* 109 *Ga.* 604 (34 S. E. 1026), is expressly overruled; and, not satisfied with this, the court proceeds to say, "also so much of any other case as conflicts with the ruling now made," and adds: "This puts the court back in line with its earlier decisions." For this reason we think that the court properly allowed the amendment.

2. The special demurrers were properly overruled. The special demurrer filed to paragraphs 3, 5, and 7 are sufficiently answered by the amendment allowed by the court. The amendment to paragraph 3 stated that the train consisted of seven flat cars and an engine. Paragraph 5, as amended, informed the defendant that the petitioner was seated flat down on the floor of the flat car, just in front of the engine, and about three feet from the end of the flat car, next to the engine. The fact that it is also stated that there were no seats provided on said car is not reached by the special demurrer, though we fail to see how it can be objectionable to the defendant. The 7th paragraph is demurred to "because it alleges a conclusion, and not the facts upon which it is based;

and because the 'negligent manner' of the engineer in starting the engine is not sufficiently described to put this defendant on notice, no specific negligent act being averred, nor the character of the engine that could be started off by the engineer at a high rate of speed with a sudden, unusual, unnecessary, and violent lunge or jerk." And this is sufficiently answered by the amendment allowed by the court, "that said engineer started said engine off at a high rate of speed, by suddenly pulling the throttle to said engine open to such an extent as to apply an excess of motive power to said engine, causing said engine to give a sudden, unusual, unnecessary, and violent lunge or jerk, and that said engineer was a reckless and wild runner of engines, which reckless and wild running was known to defendant company, which incompetence and reckless and wild running was unknown to petitioner." In the 5th ground of the demurrer objection is urged to the statement in paragraph 9 of the petition, that the plaintiff was without fault; it being insisted that this is a mere conclusion of the pleader. We hold this to be not objectionable as a conclusion, even if it is not a statement of substantive fact, for if the plaintiff was at fault or could by the exercise of ordinary care have avoided the injury, these were matters of defense. *Georgia Midland Railroad Co.* v. *Evans,* 87 *Ga.* 673, 675 (13 S. E. 580), and citations. See also the decisions of this court in *Southern States Portland Cement Co.* v. *Helms,* 2 *Ga. App.* 308 (58 S. E. 524), *Cedartown Cotton Co.* v. *Miles,* 2 *Ga. App.* 79 (58 S. E. 289), and *Rome Ry. & Light Co.* v. *Keel,* 3 *Ga. App.* 769 (60 S. E. 468).

3. The court did not err in overruling the general demurrer. Demurrer, being itself a critic, must be free from imperfections. It is not necessary for us to attempt to reconcile apparent conflicts in the rulings of the courts as to how far judicial knowledge of the laws of a foreign State extends, nor to lay down a rule as to when the court's own knowledge of foreign law may be applied upon the consideration of a demurrer. In the brief of learned counsel for the plaintiff in error it is insisted that the general demurrer should have been sustained because the plantiff fails to set forth a cause of action at common law, and that inasmuch as the court was bound to presume that the common law prevailed in South Carolina, where the injury is alleged to have been committed, the petition should have been dismissed. In the brief it is further insisted

43

that the general demurrer was good because, from the plaintiff's own allegation, it appears that he assumed the risk of his dangerous situation, even if the defendant could be held liable for the tortious act of the engineer. We can not tell which of these contentions was insisted upon before the court below, or that both of them were there contended for. The judges of this court, however, know that the common-law doctrine of the master's immunity from liability to his servant for the torts of fellow servants does not exist in South Carolina. We can well assume that the learned judge of the city court of Augusta has the same knowledge upon the subject. It does not appear from the record that the specific objection was urged that the plaintiff had not pleaded the statutes of South Carolina, and, therefore, that he failed to show a cause of action as to an injury inflicted upon him by the defendant in that State. If this had been done, the point would have been before the lower court, and now before us, for adjudication. Upon the insistence, however, that the petition failed to set forth a cause of action, without any allusion to the plaintiff's failure to plead the law of South Carolina, the lower court may have assumed that the defendants waived this defect in the pleadings. And if the court knew that with this waiver (of the statement of a fact which is necessary to enable our courts to administer the rights of the parties as they exist under the laws of an adjoining State) the plaintiff had a cause of action, for the reason that, under the decisions of the Supreme Court of South Carolina, upon the constitution and law of that State, the plaintiff would not be a fellow servant with the engineer of the train, then the court was right in deciding that the plaintiff had a cause of action. At any rate, the particular point was not presented to the lower court, so far as appears from the record. And while we hold, as we have held before, that in the assertion of an affirmative right either party to the cause must plead the statute of a foreign State upon which that right depends, and that, therefore, the plaintiff should have pleaded the law of South Carolina, upon which his right to recover is based, it does not follow that the necessity for complying with this requirement was raised by the general demurrer. We are constrained to hold, therefore, either that the specific point was not presented to the lower court, or, if it was merely hinted at by the insistence that the common law prevailed in South Carolina, as is argued before

us, that the judge had the right to apply his knowledge of the law of South Carolina, and the construction given that law by the court of last resort in that State, and had the right to hold, as a matter of law (when the decision of the lower court was invoked by demurrer upon a matter of law), that, as construed by the Supreme Court of South Carolina, the plaintiff was not a fellow servant with the engineer of the train. If a statute has supplanted the common-law in South Carolina, our courts should, as a matter of judicial propriety (as pointed out in *G., F. & A. Ry. Co.* v. *Sasser*, 4 *Ga. App.* 276, 61 S. E. 505), adopt the construction placed upon the statute law of a sister State by its court of last resort. We can not hold, therefore, that the court erred in overruling the general demurrer, upon the ground that the common law prevails in South Carolina, in an action brought against a railroad company by such an employee as the plaintiff. But inasmuch as it is necessary, in order to constitute a properly pleaded cause of action as to an injury occurring in South Carolina, that the plaintiff's right to sue under the laws of that State should be specially pleaded, and the statute giving the right should be at least substantially set forth, we affirm the judgment, with direction that the plaintiff amend his petition by declaring upon the provision of the law of South Carolina upon which he relies for recovery; and that if he fails to do this, the petition be dismissed.

*Judgment affirmed, with direction.*