2375.   SOUTHERN RAILWAY CO. v. ANSLEY.

1. Mere error does not require the grant of a new trial.   To set aside a verdict sustained by evidence, the error of which complaint is made must be shown to have been injurious to the complaining party, or at least appear to have affected some of his rights.

2. Where the plaintiff in an action for damages placed his right to recover upon a statute of Alabama, it was not error harmful to the defendant to refuse at the second term to allow an amendment to the answer, setting forth that the train upon which the plaintiff was employed, and upon which he was injured, was engaged in interstate commerce, and that therefore the defendant, if liable at all, was liable under the provisions of the act of Congress, approved April 22, 1908, generally known as the "employer's liability act."   Even if this act of Congress, as to such a

case, superseded the statute of Alabama, and even though the amendment would have been good if filed at the appearance term as a dilatory plea, it did not set up any substantive defensive matter affecting the merits. And as the rights of the plaintiff as an employee were greater and the liabilities of the defendant as an employer were less, under the statute of Alabama, than under the statute of the United States, the refusal of the amendment could not by any possibility have injured the defendant.

3. Even if the statute of the United States had been applied by the court, and the jury instructed accordingly, the verdict in favor of the plaintiff would have been demanded. Under the provisions of the Federal "employer's liability act," the evidence demanded the verdict.

4. Dilatory pleas must be filed at the first term.

DECIDED SEPTEMBER 28, 1910.—REHEARING DENIED SEPTEMBER 30, 1910.

Action for damages; from city court of Floyd county—Judge Hamilton. December 13, 1909.

*Maddox, McCamy & Shumate, George A. H. Harris & Son,* for plaintiff in error.

*Arnold & Arnold, Seaborn & Barry Wright,* contra.

RUSSELL, J.   F. H. Ansley sued the Southern Railway Company for damages, and recovered a verdict for $11,000. No evidence was introduced except in behalf of the plaintiff, and it thus appeared, without dispute in the testimony, that in a head-end collision between two of the defendant's trains of cars the plaintiff, who was an engineer, and who was engaged at his post of duty, received injuries, as a result of which he lost his leg and was permanently disabled from carrying on the occupation of an engineer. According to the testimony with reference to the value of the plaintiff's services, the verdict was not excessive.

The several grounds of the motion for a new trial, and the exceptions pendente lite to the refusal of the judge to allow an amendment to the defendant's plea, and his refusal to sustain the demurrer to the plaintiff's petition, which are insisted upon, present really but one important point: Is the plaintiff entitled to recover, in view of the fact that his case was expressly based upon the statute of Alabama, and that the trial was had under the Alabama statute, and the jury were instructed solely with reference to the application of the Alabama law to the evidence?

Conceding that the "employer's liability act," approved April 22, 1908 (35 Stat. 65, U. S. Comp. St. Supp. 1909, p. 1171), superseded section 3910 of the Revised Statutes of Alabama, which was expressly pleaded by the plaintiff in his petition, we are nevertheless of the opinion that the defendant's writ of error does not present

such a case as would entitle it to a reversal of the judgment refusing a new trial, and that the defendant can not justly complain of the court's refusal to allow it to amend its answer. The writer confesses that he has not reached this conclusion without difficulty, because it would indeed be quite anomalous (as is strongly urged by counsel) to allow a plaintiff to sue upon one cause of action and to·recover upon a different one. Nor do we rule that this can be done. We do hold, however, that the evidence sufficiently conforms with the material portion of the declaration to legally authorize a recovery. Paramount to every other consideration is the rule which requires that injury shall concur with error, before the finding of a jury should be set aside. We bear in mind the rulings in *Exposition Cotton Mills* v. *W. & A. R. Co.*, 83 *Ga.* 441 (10 S. E. 113), and *Bolton* v. *Georgia Pacific R. Co.*, 83 *Ga.* 659·(10 S. E. 352). These rulings, however, we deem to have been overruled and disapproved, or at least greatly limited, by the rulings of the Supreme Court in *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (13 S. E. 809), and *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318). In the *Anglin* case, supra, the Supreme Court held that new and distinct averments of negligence may be made, so long as they are descriptive of the same wrong originally pleaded in the declaration. In the opinion delivered in behalf of the court by Chief Justice Simmons (p. 793) it is said: "So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action. Persuaded of the correctness of the above views, we feel constrained to overrule so much of the decisions of the following cases as is in conflict therewith: *Central R. Co.* v. *Wood*, 51 *Ga.* 515; *Skidaway S. R. Co.* v. *O'Brien*, 73 *Ga.* 655; *Henderson* v. *Central Railroad*, 73 *Ga.* 718; *Cox* v. *Murphey*, 82 *Ga.* 623 (9 S. E. 604); *Roughton* v. *Georgia R. Co.*, 109 *Ga.* 604 (34 S. E. 1026); and also so much of any other cases as conflicts with the ruling now made. This puts this court back in line with its earlier decisions." The court, therefore, in the *Anglin* case, overruled, without specially naming them, many cases which conflict with it in principle.

The first question which arose in this case was upon the refusal of the judge to allow the defendant to amend his answer so as to

set up that the plaintiff's cause of action, if he had any, was dependent upon the Federal "employer's liability act," approved April 22, 1908. We are of the opinion that had this amendment been filed as a dilatory plea, at the appearance term, it should have been allowed, and might have been a good plea. But as the amendment was not filed until a term subsequent to the appearance term, it can not be treated as a plea in abatement, and it is not apparent how the defendant was hurt, if hurt at all. The plea, which in substance alleged that the defendant, though it might be liable to the plaintiff for the particular wrong or injury for which he was suing, was not liable for the reason assigned in the plaintiff's petition (the Alabama law), but for another reason (the Federal act), and which did not set up any fact which on the merits of the transaction would or should, in legal contemplation, diminish the liability or change the rules of evidence, was a dilatory plea; in no true sense can it be considered as a plea to the merits; and all dilatory pleas, of whatever nature, must be filed at the first term of the court.

If the plea had set up anything which would have diminished the defendant's liability to the plaintiff, it would be different; for then it could be considered as a plea to the merits. If the defendant was not deprived of any right (no matter how inconsequential it might be) by the refusal of the court to allow the amendment, it would seem to be useless to order another trial in order that the same finding may be had upon the facts; for under the testimony a finding in behalf of the plaintiff was inevitable. It is argued that the right of removal is a valuable right. Agreed. But the defendant could not have removed this case to the United States court even if the amendment had been allowed; because the plaintiff is a citizen of Alabama, and the Southern Railway Company is also a non-resident of this State. The parties, therefore, being both non-residents of Georgia, the action could not be removed on the ground of diverse citizenship. It is clear also that the defendant did not lose the right of removal by reason of the non-allowance of the amendment; because the petition to remove should have been filed at the first term. Furthermore, the defendant was not hurt, because by the terms of the Alabama statute the right of the plaintiff to recover was narrower than that conferred by the Federal statute, which the defendant endeavored to set up, and the consequent lia-

bility of the defendant was greater. Under the Alabama statute the plaintiff's recovery could be defeated or diminished by proof of the fact that the plaintiff contributed to the result. Under the United States statute the recovery, if any, would be apportioned in proportion to the plaintiff's negligence. Therefore, so far from the defendant being injured by the refusal of the court to allow the proposed amendment, it seems to us the ruling really benefited the defendant. After a careful consideration of every phase of the case, we are unable to conceive how the plaintiff could have been injured by the refusal of the court to allow its amendment. Suppose that the defendant had proved that the train was engaged in interstate commerce. If the amendment had been allowed, the plaintiff might still have been entitled to recover something under the Federal "employer's liability act," even if the defendant proved that the plaintiff was negligent. Under the Alabama statute, if it had been shown that the plaintiff contributed to his own injury, he could not recover at all. While it is not permissible to amend a declaration setting up the common-law liability of the carrier by asking a recovery upon its statutory liability, we think that where the plaintiff proceeded upon a statute of Alabama, the court was entitled to enter judgment, regardless of whether that statute was superseded or not; because, under the evidence, the defendant was plainly liable under the statute of the United States, which our courts are bound to enforce, under the express terms of the constitution of this State.

To the writer's mind there is great force in the argument of learned counsel for the plaintiff in error, that this method of procedure will tend to allow the plaintiff to sue upon one cause of action and then to recover upon a totally different cause of action, thus taking the defendant completely by surprise. However, I agree that under the trend of modern jurisprudence the real question, when the pertinency of an amendment is raised, is as to the identity of the transaction involved in the litigation. If the plaintiff sets forth a cause of action (though pleading the laws of another State) which would be good under the laws of this State (and statutes of the United States passed in pursuance of the constitution of the United States are in fact the supreme law of this State), then, upon the facts showing the plaintiff to be entitled to a recovery against the defendant, the judge may administer the law as he knows it to be,

and may disregard as mere surplusage any statement as to the law which may have been pleaded merely as basis for the admission of proof as to the nature of a foreign law clearly not applicable to the case. It is to be borne in mind that the statutes of foreign jurisdictions are pleaded solely for the purpose of admitting them in proof; the court not being presumed to know the statutes of a foreign jurisdiction, which are administered by comity only. Should it appear in any case that a foreign statute which has been pleaded has been superseded or repealed, and if it should further appear that—omitting all reference to the foreign law and justly treating it as surplusage—the plaintiff has set forth a substantial cause of action under the controlling law, he should not be denied his rights or delayed in their enforcement merely because of the presence of this surplusage.

It is insisted, however, that the case was tried upon the theory that the plaintiff's rights were predicated upon the statute of Alabama, and the charge of the court shows that the judge conceived that the case was properly based upon the law of Alabama, and the liability of the defendant governed thereby. In our opinion this does not alter the case. In *Cabaniss* v. *State,* ante, 129, where the accused was charged with and convicted of a misdemeanor, this court held that a new trial was not required, although the trial proceeded as if the defendant was charged with a felony; and in *Spence* v. *State, 7 Ga. App.* 825 (68 S. E. 443), was held that, the jury having found the defendant guilty of voluntary manslaughter, and a finding for a higher offense being demanded by the evidence, he had no cause for complaint, although the judge did not instruct the jury upon the subject of voluntary manslaughter or treat it as applicable to the facts of the case. In the present case, if, as alleged by the defendant in its proposed amendment, the train upon which the plaintiff was employed as an engineer was in fact engaged in interstate commerce, then, under the evidence, the plaintiff's recovery was fully authorized by the provisions of the Federal "employer's liability act," and a finding in accordance with both the law and the facts should not be set aside, unless the complaining party was deprived of some right, and, by reason of the loss of this right, was, in some degree at least, injuriously affected. We have shown that the defendant was not deprived of the right of removal by the court's refusal to allow its amendment, and that it

could not have been injuriously affected by reason of the fact that it was subjected to greater liability under the terms of the Federal statute than that imposed by the law of Alabama. In fact, if there had been any evidence tending to show that the plaintiff contributed to his own injury, the court's application of the law of Alabama would have been beneficial to the defendant; and nothing is better settled than that one can not complain of an error which is favorable to him. Under our view of the case, the verdict established the liability of the defendant in an amount within the bounds of the evidence, and was authorized by the Federal "employer's liability act," as one of the laws of Georgia, which (not being a foreign law) was not required to be pleaded or referred to in the declaration. The plaintiff in error complains that the statute of the United States was not applied. We can not know it was not applied. In our view, even if it can not be presumed that the statute of the United States was applied by the jury (unwittingly perhaps, or intuitively, if you prefer), the fact remains that the evidence, and the very law for the application of which the plaintiff in error calls, demanded the verdict. Although the judge did not charge the jury upon the liability of the defendant as measured by the "employer's liability act," why should the case be tried again to reach the same inevitable result, with the aid of proper instructions, as the jury has already attained without them. To do so would in our judgment be an inexcusable addition to the law's delay. Especially is this true when the defendant did not plead this merely dilatory matter at the first term. While the law allows dilatory matters to be pleaded, they must be pleaded promptly. Civil Code of 1895, § 5058.

*Judgment affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM: The plaintiff in error says that the court should not have given any weight to the point that the amended plea, though dilatory in nature, was not offered at the first term, because the objection on which the court disallowed it was that "the same set up no defense to plaintiff's action," and, therefore, the fact that it was not filed at the first term was waived. Cf. *Wright* v. *Jett*, 120 *Ga.* 995 (48 S. E. 345).

To make our ruling clearer and to test the sufficiency of the point now presented, let us look again to what the amendment to the plea set up, and to the purpose for which it was offered, as disclosed on

its face. It set up that the plaintiff at the time of his injury was an engineer on a train engaged in interstate commerce, "within the terms of the act of Congress, approved April 22, 1908, regulating the liability of common carriers when engaged in the carriage of such interstate commerce." The purpose of the plea (i. e., whether it was offered as a dilatory plea or as a plea to the merits) is disclosed in the next paragraph, with which the amendment concludes, as follows: "Wherefore, defendant says there is no right of action under the allegations of the petition." Plainly, the plea was not offered as a dilatory plea, but as a plea to the merits—not as a plea to the jurisdiction of the court or to the form of the plaintiff's action, but as a defense to the cause of action itself. In the course of our opinion we have endeavored to show that the plea did not set up anything which could defeat the plaintiff's cause of action, that it merely went to the form or manner in which the plaintiff had sued—that it was in substance and effect a dilatory plea, whether tested by the pleadings or the proof, and that the court committed no reversible error in striking it.

We did intimate that if it had been filed at the first term as a dilatory plea, it might have been well taken—that is to say, it might have been sufficient (if the facts set up therein were proved) to have caused the plaintiff's action as pleaded to abate, so that he would have been put to the necessity of amending or of suing over. We understand that the test as to whether a plea is dilatory or goes to the merits is this: If the defendant upon establishing the facts can defeat the plaintiff's cause of action in whole or in part, or can obtain any substantial relief against the plaintiff, the plea is not dilatory, but is a plea to the merits. On the other hand, if the effect of sustaining the plea is not to deny or diminish the defendant's liability on the cause of action asserted, or to obtain other substantial relief against the plaintiff, but is merely to defeat the plaintiff's action as presently laid and to leave him with an unimpaired right to sue over again in some other form or way, or in some other court on the same cause of action, the plea is dilatory.

For instance, pleas which allege that the plaintiff has sued in the wrong court, or that proper parties have not been joined, or that parties or causes of action have been misjoined, or that the defendant has not been legally served, or that the plaintiff has sued without complying with some statutory prerequisite, such as paying the

costs in advance where such payment is required, or that the plain-
tiff has sued before his debt is due, or any other such matter which
does not negative the idea that the defendant is liable to the plain-
tiff in the cause of action, are dilatory pleas and must be filed at the
first term.

As we attempted to show in the original opinion, the fact that
the plaintiff was a servant engaged in interstate commerce did not
tend to deny or to diminish the defendant's liability to him upon
the very cause of action he was asserting, and did not give the de-
fendant any other substantial right against him which it could not
assert under the pleas already filed in the case.    The defendant, by
the amendment to its plea, in effect merely asserted that the plain-
tiff should not be allowed to proceed with his suit as it was laid in
his petition, but should be required to amend (if amendment were
permissible), or to sue over again in another way or in another
court, on the identical cause of action.    The objection that the plea
"set up no defense to the plaintiff's action" was, therefore, as we
see it, well taken; and the court did not err in sustaining the ob-
jection.                                          *Rehearing denied.*