11147, 11148.  BURTON *v.* WADLEY SOUTHERN RAILWAY COMPANY; and *vice versa.*

1. While a servant of a railway company assumes the ordinary risks of his employment, he does not assume risks incident to the negligence of his fellow servants. The original petition as amplified set out a cause of action; and the judge did not err in allowing the amendment more precisely describing the transaction and adding another ground of negligence, since the negligence so alleged, when considered in the light of the original averments, can be taken to have contributed to the wrong originally complained of. Construing the petition as a whole, it cannot properly be held, as a matter of law, that the risk was assumed.

2. Failure to show jurisdiction is an amendable defect in a petition, and

unless such defect is challenged by demurrer, and opportunity given to amend, a dismissal entered for another and different reason will not be upheld because of such omission.

DECIDED AUGUST 13, 1920.

Action for damages; from Jefferson superior court — Judge Hardeman. November 10, 1919.

This was a suit against a railroad company by an employee, to recover damages for alleged personal injuries caused by the dropping of an air-pump, which the plaintiff and three other employees had been directed to carry from one place to another in the machine shop of the defendant by means of two pipes used as hand-bars. The ground of negligence originally set forth in the petition was carelessness and negligence of the defendant's servants in the discharge of the duty thus imposed, which resulted in their dropping the pump, causing the plaintiff's leg to be fractured. This original ground of negligence was subsequently amplified by showing that the two rear fellow servants, who were helping to carry the load, failed to keep proper step with the plaintiff and his partner, and, without any warning to him, carelessly dropped the pump. Over the objection of the defendant, the petition was amended by adding allegations descriptive of the pump, to the effect that it was cylindrical in shape and of great weight, to wit, about 500 pounds; that the two rear servants who were ordered by the defendant to assist in moving the pump were boys and not capable of sustaining their portion of the load; that the order was given hurriedly and the plaintiff had no time to consider the character and risk of the undertaking, and was without knowledge of, or opportunity of discovering, the weight of the load, which fact was known to the defendant. It was alleged that there was negligence in the giving of the order by the master mechanic, acting as vice-principal for the company, when he knew or ought to have known that the load was too heavy for those who had been ordered to handle it. The plaintiff also offered to amend his petition by assigning negligence on the ground that the defendant failed to furnish a proper conveyance for the removal of the pump, as it should have been moved either with a crane or a truck. This proposed amendment was disallowed. After the allowance of the one amendment and the rejection of the other, the petition was dismissed on a general demurrer to the effect that no cause of action was set forth; to which ruling

and the disallowance of the proposed amendment the plaintiff excepted. A cross-bill of exceptions complains of the amendment allowed by the court.

Although the petition alleges that the defendant was a corporation owning and operating a line of railroad in and through the county of Jefferson, and having offices and agents and a place of business in said county, it omits to aver that the alleged injury occurred in said county, and this omission is urged in the brief of counsel for defendant in error as an additional reason why the action of the trial judge in dismissing the petition on the general demurrer should be upheld.

*M. C. Barwick, Osborne, Lawrence & Abrahams,* for plaintiff.

*Lawton & Cunningham, J. R. Phillips, W. W. Abbott Jr.,* for defendant.

JENKINS, P. J. 1. (After stating the foregoing facts.) A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. Civil Code (1910), § 3131. Under the statute law of this State (Civil Code, § 3129) an employee of a railway company does not, however, assume risks due to the negligence of his fellow servants. The petition, therefore, set out a valid cause of action based on the negligence of the plaintiff's fellow servants in the alleged improper and careless execution of the master's command, in that they failed to keep proper step in assisting to carry the pump, and negligently failed to give any sort of warning to the plaintiff before dropping the load. This original ground of negligence as amplified by amendment was sufficient to prevent the dismissal of the petition on the theory that no cause of action was set forth. This being true, the amendment setting up additional facts descriptive of the character of the load which plaintiff and his fellow servants had been directed by the master to carry, and the additional allegation assigning negligence in the giving by the master of such an order, was properly allowed. If the original petition had altogether failed to set forth a cause of action, the proposed amendment setting up additional facts together with an additional ground of negligence, even though pertaining to the same transaction, could not have been allowed, since there would have been nothing to amend by. *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126 (1) (32 S. E. 30). In the case just cited the original petition sought to base plaintiff's right to

recover against his employer, which was not a railway company, solely on the negligence of plaintiff's fellow servants. This he could not do, and since no cause of action against that defendant was in any wise set forth, there was nothing to amend by, and it was for this reason that he could not add as an additional ground of recovery the negligence of the master himself in not providing proper machinery. Since the original petition totally failed to set forth a cause of action, and since there was nothing to amend by, the proffered amendment stood alone and unsupported, and would necessarily and for that reason have constituted a new and and the only cause of action. The Supreme Court in its decision of the *Davis* case goes on to say, however, that "If the petition in the present case had alleged that the plaintiff was burned and scalded by the negligent conduct of the defendant in the operation of its factory, and had set forth some specific act of negligence, then, under the ruling in the *Harris* case [*Harris* v. *Central Railroad, 78 Ga.* 525], an amendment containing additional acts of negligence might have been properly allowed. But the original petition contained no allegation of negligence which was chargeable in law against the defendant; and for this reason the case differs materially from the *Harris* case." In other words, where no cause of action is originally set forth, an amendment cannot be employed to supply one; but where there is a cause of action shown by the original petition, any new facts can be supplied and additional grounds of negligence can be charged, provided that such new averments, when considered in the light of the original allegations as to how the plaintiff received his injuries, could be taken as having contributed thereto. *King* v. *Donaldson Oil Mill,* 141 *Ga.* 46 (80 S. E. 290).

The court did not err in refusing to allow the amendment by which the plaintiff sought to assign an additional ground of negligence to the effect that the defendant failed to provide proper machinery, such as a derrick or truck, by which the pump could have been removed, since the allowance of such an amendment would in no wise have strengthened plaintiff's case. This is not an instance where an employee was injured by the use of defective machinery, but the question is whether the order actually given to the plaintiff and his fellow servants was negligent, and whether the plaintiff's fellow servants proceeded to execute it in a negligent

manner. The entire gist of his complaint is necessarily covered by these allegations. If the order actually given was not an act of negligence, the charge made by the proposed amendment could not be accounted as such.

2. It is plain that it was the opinion of the able judge who heard the case that the petition as amended showed on its face that the case was one where the plaintiff servant assumed the risk. As we view the pleading, both as originally filed and as amended, we are unable to hold as a matter of law that such is a necessary conclusion. Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, courts will decline to solve them on demurrer, except in plain and indisputable cases. *Western Union Tel. Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198). The existence of those elementary laws or forces of Nature, such as gravitation, which must necessarily and continually come under the observation of every one alike, are assumed to be within the knowledge of all. *Williams* v. *Atlantic Coast Line R. Co.*, 18 *Ga. App.* 117 (89 S. E. 158). If, under this assumption, we felt authorized to hold, as a matter of law, that the risk incurred by the servant in complying with the alleged negligent order of the master must necessarily, and under the circumstances and conditions disclosed, have been obvious and patent, — that is, that the directing master could not from the very nature of the case have had any superior knowledge or any better opportunity of ascertaining the manifest dangers obviously incident to the compliance with the order, — then under such circumstances the action of the trial judge in dismissing the petition on the theory that the risk was assumed would have been altogether proper. There are a number of reported cases in which the courts have held that the conditions of the rule just indicated were met. In the instant case, however, we think the facts and circumstances surrounding the transaction are such as to properly leave the determination of this question to the jury. The pump was not a solid article, but necessarily contained more or less cavity. The order was not only given suddenly, but the plaintiff's opportunity to judge for himself the difficulty and peril incident to the task was complicated by the fact that the command was not one given to him alone, but that it was directed to him in conjunction with three other fellow servants. The doctrine known as the "assumption of skill" of the master

sometimes makes the knowledge implied against the master relative to the nature, constituents, and general characteristics of the things used in his business superior to that implied against the servant. *Beard* v. *Georgian Mfg. Co., 8 Ga. App.* 618 (2) (70 S. E. 57). In thus stating why we think that it was a jury question as to whether or not the dangers incident to a compliance with the order were obvious, we do not, however, mean to intimate in the slightest way that they would be unauthorized to so find.

The facts in the instant case seem to be somewhat akin to those in *Durham* v. *Whittier Mills Co., 9 Ga. App.* 26 (70 S. E. 195), where Judge Russell, speaking for this court, said: "The court properly sustained the special demurrers, but erred in dismissing the petition. The allegations were sufficient to withstand the general demurrer. The case alleged by the petition is that of a servant injured because his fellow laborers, in response to a direct command of the master, then and there given to do the particular thing which they did, overturned a heavy machine and threw the entire weight on him, thus injuring him. The thing thus directed was negligent, and the plaintiff had no reasonable opportunity to protect himself from the result of the negligence, as the order was suddenly given and immediately obeyed. The petition sets out a cause of action, as the master, under the circumstances, would be liable, either on the theory that the negligent order was the sole juridic cause of the injury, or on the theory that the negligence of the master concurred with the negligence of the servants who executed it, if, indeed, their execution of the order in the exact manner in which they were directed to perform it can be considered as negligence at all. Where a servant is injured by the concurrent negligence of the master and of fellow servants, the master may be held liable." It is our opinion that in the instant case the original petition set forth a cause of action based on the alleged negligent conduct of plaintiff's fellow servants, and that it was a question for the jury to say whether or not these allegations were true. It was also their duty to say whether the giving of the order by the master was an act of negligence, and, if so, whether it constituted the sole or concurrent cause of the injury. If they should find that the giving of the order was negligent and that it caused or contributed to the injury, the jury would then be called upon to determine whether the danger attendant upon the execution of such order was so

obvious that no person of ordinary prudence could have been expected to perform it. If the peril in obeying such an order was thus obvious, it was the duty of plaintiff to disregard it. *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609, 616 (56 S. E. 839, 10 L. R. A. (N. S.) 772) ; *Southern Ry. Co.* v. *Rutledge,* 4 *Ga. App.* 80 (60 S. E. 1011) ; *McDuffie* v. *Ocean Steamship Co.,* 5 *Ga. App.* 125, 128 (4) (62 S. E. 1008) ; *Whiters* v. *Mallory Steamship Co.,* 23 *Ga. App.* 47 (1) (97 S. E. 453) ; 18 R. C. L. (Master & Servant), §§ 185, 187; 4 Labatt's M. & S. (2d ed.), § 1361; 26 Cyc. 1221 (8) ; 20 A. & E. Enc. L. 120·(6). Finally, if the jury should determine that the giving of the order was negligent, that it caused or contributed to the injury, and that the danger attendant upon the execution of the command was so obvious that no person of ordinary prudence could have been expected to comply with it, then the plaintiff would not, under any view presented by the pleadings be entitled to recover, since, despite the direct command of the master, there would be shown contributory negligence on the plaintiff's part amounting to a lack of ordinary care. Civil Code (1910), § 2783.

3. The dismissal of the suit, in response to a general demurrer to the effect that no cause of action was set forth, cannot properly be sustained on the theory that the petition omitted to show that the accident occurred in the county where the suit was brought. The demurrer in this case does not raise the question of jurisdiction. Civil Code (1910), § 5631. While it is true that where section 2798 of the Civil Code, relative to venue of suits against railroad companies is applicable, such a suit brought elsewhere than is there provided is void, and the defendant does not and cannot waive the question of jurisdiction by pleading to the merits (*Central of Ga. Ry. Co.* v. *Dowe,* 6 *Ga. App.* 858, 65 S. E. 1091), and while as against a demurrer raising the question of jurisdiction, it must appear from the petition itself that the cause of action originated in the county of the suit (*Ocilla Southern R. Co.* v. *McAllister,* 20 *Ga. App.* 400, 93 S. E. 26), and while it is also true that if from the petition it should affirmatively appear that the court did not in fact have jurisdiction, the rule would be otherwise, and it would be the duty of the judge to dismiss the proceeding on or without motion, still the mere failure of a petition to show jurisdiction is an amendable defect and does not render the proceeding void

*(Atlantic Coast Line R. Co.* v. *Williams,* 5 *Ga. App.* 647 (1) 63 S. E. 671) ; *Freeman* v. *Bank of Lafayelte,* 20 *Ga. App.* 334, 337, 338, 93 S. E. 34), so as to subject it to dismissal without objection being raised and without opportunity given plaintiff to amend. However, direction is given that the plaintiff be required to amend his petition setting up the necessary jurisdictional facts; and upon his failure so to do the case should be dismissed.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Stephens and Smith, JJ., concur.*