### 12489.  SOUTHERN HOTEL COMPANY *v.* EVANS.

STEPHENS, J. 1. Before the owner of premises can be held liable for injuries done by reason of a defect therein to one lawfully on the premises in the employ of an independent contractor engaged by the owner to perform services on the premises, it must appear that the owner had control of the premises, it must appear that the owner had control of the premises. While in a suit by the injured person against the owner a cause of action is not set out where it fails to appear in the petition that the owner was at the time of the injury in control of the premises, yet, where the petition alleges that the defendant, as the owner of the premises, which is alleged to be a hotel, did operate the hotel and did enter into a contract with the alleged contractor to repair certain boilers in the basement of the defendant's hotel, and where it does not appear that such work was of a nature that necessarily required that the entire control of the premises where the work was performed should be relinquished to the contractor, the petition alleges facts which authorize the conclusion that the premises at the time of the alleged injury were in the control of the defendant. The petition, otherwise setting out a cause of action, was, under the authority of *Huey* v. *City of Atlanta,* 8 *Ga. App.* 597 (70 S. E. 71), good, as against a general demurrer.

11

2. The court having fully instructed the jury that the plaintiff would not be entitled to recover for any injury to him resulting from the defendant's negligence, if in the exercise of ordinary care the plaintiff could have avoided the injury, certain excerpts from the charge of the court, contained in the 6th, 7th and 8th grounds of the motion for a new trial, are not subject to the exceptions that in these excerpts the court failed to give in charge to the jury the above principle of law.

3. The excerpts from the charge quoted in the 9th and 10th grounds of the motion for a new trial are substantially adjusted to the evidence; and if the evidence is inaccurately stated therein, such inaccuracy worked no harm to the defendant and could in no way have influenced the jury against the defendant.

4. There being evidence from which the jury could infer that the earning capacity of the plaintiff diminished after the injury, the exception to the charge on this contention of the plaintiff, upon the ground that such charge was unauthorized by the evidence, is without merit. The receipt of higher wages by a person after having been injured does not preclude the idea that his earning capacity has been diminished since the injury.

5. It appearing, from the evidence, that the plaintiff's leg was badly scalded from stepping into a vat of boiling water, and that he suffered pain, and the evidence authorizing the inference that he sustained pecuniary loss as a result of the injury, this court can not hold that the verdict of $2,000 for the plaintiff is excessive.

6. The evidence authorizes the inference that the defendant was negligent as alleged in the petition and that the plaintiff was injured as the proximate result thereof.

*Judgment affirmed. Hill, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 1, 1922.

Action for damages; from city court of Atlanta — Judge Reid. April 2, 1921.

*Westmoreland & Smith,* for plaintiff in error.

*Hewlett & Dennis,* contra.