### 15615.  WOOLWORTH COMPANY v. WOOD.

1. As against a general demurrer, the petition sufficiently charged that the defendant was negligent in causing or allowing a slippery substance to be placed upon the floor in its store, into which the plaintiff was invited as a customer, and that by reason of the resultant condition of the floor she was injured in slipping and falling thereon.

2. In an action for damages for the alleged negligence of the defendant in a

case like the present, it is not necessary for the plaintiff to negative any negligence or want of ordinary care on her part. This is a matter of defense, and in such a case the petition in this respect will be good, unless from the averments made it affirmatively appears that the injuries were the result of the plaintiff's own negligence or failure to exercise ordinary care.

3. Negligence on the part of the defendant, and resulting injury, being alleged, and no failure to exercise ordinary care, and no negligence amounting thereto, on the part of the plaintiff, appearing, the petition set forth a cause of action. The general demurrer thereto was properly overruled.

DECIDED AUGUST 11, 1924.

Damages; from city court of Atlanta—Judge Reid. April 12, 1924.

Mrs. Wood sought to recover for injuries alleged to have been received by her while a customer in the defendant's store, when she slipped and fell because of an alleged negligent condition of the floor. The case came to this court on exceptions to the overruling of a general demurrer to the petition.

The petition as amended contained, among others, the following allegations:

"Petitioner alleges that defendant negligently spilled, poured, placed, or put some kind of floor oil, grease, chocolate candy, or other slippery substance on the floor of its store at No. 11 Whitehall St., in said State and county, and allowed said floor oil, grease, chocolate candy, or other slippery substance to remain on said floor, and that said floor oil, grease, chocolate candy, or other slippery substance was on said floor on January 21, 1922.

"Petitioner alleges that said floor appeared to be safe from ordinary inspection at such points and places as petitioner was able to see same, and didn't look dangerous to petitioner, but appeared to have been oiled with floor oil, which petitioner knew was neither slippery nor dangerous providing said floor oil had been properly and correctly applied to said floor, and that by reason of the throngs and masses of people crowding and jamming into the defendant's store at No. 11 Whitehall St. as aforesaid at the time petitioner fell, she was unable to see the floor of defendant's store so as to inspect same and ascertain whether or not said floor was safe to walk upon; and that by reason of said throngs, crowds and masses of people who were in defendant's store at the invitation of defendant, she was unable to see the floor upon which she

was walking and relied upon the implying [implied?] warranty that defendant's floor was reasonably safe for petitioner and other members of the public to walk upon and pass over for purpose of purchasing defendant's wares. Petitioner charges that defendant carelessly and negligently improperly applied the floor oil upon its floor, in that they poured, put, or placed upon said floor at the place or point where petitioner slipped and fell, and that said floor oil, by reason of same being negligently, carelessly and improperly applied in that a large quantity of said oil was put, poured or placed upon the floor at and upon the place where petitioner slipped, made said floor slippery and dangerous to walk upon, and that defendant knew, or could have known by the exercise of ordinary care and diligence, that said floor at the point and place where petitioner slipped and fell was dangerous. And that defendant's failure to exercise ordinary care and to ascertain that its said floor was improperly oiled with floor oil in that too much floor oil was spilled, poured, put, or placed upon its floor at the point, or place where petitioner slipped, fell and was seriously and permanently injured.

"Petitioner alleges that it was the duty of defendant to inspect the floors of said store at No. 11 Whitehall street to ascertain whether or not it was reasonably safe for petitioner and other members of the public to enter and pass over for the purpose of purchasing defendant's wares, and she charges that defendant's failure to do so constitutes negligence, for which defendant is liable to petitioner.

"Petitioner alleges that defendant knew or should have known had it used ordinary care and diligence that the floor in its said store above referred to at the place where petitioner slipped, fell and was seriously injured was dangerous, and petitioner charges that defendant's failure to use ordinary care and diligence to ascertain the condition of the floor in its store above referred to and to make same safe was negligence, and for which it is liable to this petitioner in damages.

"Petitioner alleges that defendant was negligent in that it permitted grease or other slippery substance to be and remain on the floor of its store where the public, one of which is petitioner, who are customers of defendant's store must necessarily walk and pass over such substance.

37

"Petitioner alleges that on account of the negligence of the defendant in improperly putting, pouring, or placing floor oil, grease, or other slippery substance on its floor at No. 11 Whitehall street, and allowing same to remain thereon, made said floor dangerous for the public to pass over, and that said defendant knew, or should have known, that the throngs, crowds and masses of people jamming into its store made it impossible for petitioner and other members of the public to see the floor of its store and to ascertain whether there was any grease, floor oil, or other foreign or slippery substance thereon. And petitioner alleges that defendant's negligence in permitting said improperly applied floor oil, grease, or other slippery substance to remain on the floor of its store at No. 11 Whitehall street, Fulton county, Georgia, was the direct proximate cause of petitioner's injury and subsequent danger. All of which she charges is the result of defendant's negligence, and she lays her damages in the sum of $25,100, for which she asks judgment against defendant."

*Wharton O. Wilson,* for plaintiff in error.

*Thomas E. Scott,* contra.

BELL, J. (After stating the foregoing facts.) 1. The petition in this case, as against a general demurrer, sufficiently charged that the defendant was negligent in causing or allowing a slippery substance to be placed upon the floor of its store, into which the plaintiff was invited as a customer, and that by reason of the resultant condition of the floor she was injured in slipping and falling thereon. *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685). In the case cited most of the decisions relied on by the plaintiff in error are analyzed, and they are distinguishable upon their facts from the case now before us.

2, 3. In an action for damages for the alleged negligence of the defendant in a case of this character, it is not necessary for the plaintiff to negative any negligence or want of ordinary care on her part. This is a matter of defense, and in such a case the petition in this respect will be good unless from the averments made it affirmatively appears that the injuries were the result of the plaintiff's own negligence or failure to exercise ordinary care. *Martin* v. *McAfee,* 31 *Ga. App.* 690 (2) (122 S. E. 71). The rule is otherwise as to a suit by a servant for injury arising from the negligence of the master, in which "the servant must not only

make it appear that the master failed to perform his duty to furnish him a safe place to work, or to warn him of an unknown danger, but also that the servant injured did not know and had not equal means of knowing of the defective condition of the instrumentality employed or of the danger, and by the exercise of ordinary care could not have known thereof; and it is necessary to allege these facts in the complaint." *Dunbar* v. *Hines,* 152 *Ga.* 865, 871 (111 S. E. 396); *Carolina Portland Cement Co.* v. *Turpin,* 126 *Ga.* 677 (55 S. E. 925); *Western & Atlantic R. Co.* v. *Casteel,* 138 *Ga.* 579 (2) (75 S. E. 609).

Under the facts as detailed in the petition it cannot be said as a matter of law that the petition affirmatively discloses that the plaintiff failed to exercise ordinary care, or was guilty of negligence amounting to a want of such care. The petition set forth a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*