### 18883.   CITY OF MANCHESTER *v.* BEAVERS.

DECIDED JULY 10, 1928.

*W. E. Smith, J. F. Hatchett,* for plaintiff in error.
*N. F. Culpepper, G. C. Thompson,* contra.

BLOODWORTH, J.   O. J. Beavers sued the City of Manchester, alleging in part that on December 26, 1924, about eight o'clock at night he fell into a hole which was located partly in Main street and partly in the sidewalk adjacent thereto, which hole was about 10 or 12 feet long, 4 or 5 feet wide, and 2 or 3 feet deep; that he

was in the exercise of due care and diligence and without fault, but that the city had failed to exercise ordinary care to keep the said street and sidewalk in a reasonably safe condition for travel, and that the said hole had been in existence at the time of his injury for at least seven days or a longer period, and the city well knew of the existence of the hole and the defective condition of the street and sidewalk. He alleged that his back was sprained and wrenched, that his hands were bruised and cut, and that he was permanently injured and suffered on account of said injuries great physical and mental pain, and continues to suffer the same. He alleged that his artificial foot and leg, which he was wearing, was broken and crushed, that his clothing was torn and ruined, and that all of his injuries resulted in his damage in the sum of $2500. At the first term the defendant filed a plea. At the second term the plaintiff amended his petition and the defendant interposed oral demurrers, which were overruled, and it excepted pendente lite. The trial of the case resulted in a verdict for the plaintiff, for $1000, and the defendant filed a motion for a new trial, which was overruled, and it filed a bill of exceptions, assigning error on the rulings stated.

■ The petition was filed to the April term, 1927, of the city court of Greenville. An answer was filed to the first term. At the October term the petition was amended, but the amendment made no material change in the cause of action. Therefore these amendments did not open the petition to demurrer. *Kelly* v. *Strouse*, 116 *Ga.* 872 (1b) (43 S. E. 280). At the October term the defendant orally demurred to the petition as amended. These demurrers were properly overruled. "All exceptions to petitions and pleas shall be taken at the first term." *Austin* v. *Fersl's Sons Co.*, 2 *Ga. App.* 91 (58 S. E. 318). See *Brown* v. *C. & N. Ry. Co.*, 119 *Ga.* 88 (46 S. E. 71); *Kelly* v. *Strouse*, supra; *Calhoun* v. *Mosley*, 114 *Ga.* 641 (2) (40 S. E. 714); Civil Code (1910), §§ 5628, 5630.

■ In a ground of the motion for a new trial which complains of the admission of testimony it must appear how the testimony which was admitted over objection was material, and how its admission could have been hurtful to the movant. *Hunter* v. *State*, 148 *Ga.* 566 (2) (97 S. E. 523). "Objections to the admission of testimony are insufficient where no specific ground of objection is stated. An objection on the ground that the testimony is 'not competent' or is 'inadmissible,' is not sufficient." *Parker* v. *State*,

28 *Ga. App.* 673 (112 S. E. 908). See *Citizens Banking Co.* v. *Jones,* 34 *Ga. App.* 427 (129 S. E. 910), and cit. Under the rulings in the foregoing cases there is no merit in special grounds 1, 2, 3, 4, and 9 of the motion for a new trial, each of which alleges that evidence was admitted over objection and that it was "immaterial and irrelevant." "Such objection is too general. The attention of the court must be called to the specific ground of objection at the time the evidence is offered; and unless this is done no question is raised for decision by this court. *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852) ; *McDonald* v. *State,* 21 *Ga. App.* 125 (6) (94 S. E. 262) ; *Kelley* v. *Kelley,* 142 *Ga.* 861 (83 S. E. 856)." *Legg* v. *Legg,* 165 *Ga.* 314 (140 S. E. 868). Moreover, in order to ascertain how or in what manner, or whether or not, this evidence illustrates any issue in the case, it would be necessary to look to other portions of the record, and, under repeated rulings of the appellate courts of this State, this ground will not be considered by the reviewing court. *Tice Co.* v. *Evans,* 32 *Ga. App.* 385 (16), 387 (123 S. E. 742), and cit.

■ The 5th ground of the amendment to the motion for a new trial alleges that the court erred in admitting, over objection, the following evidence: "I lost 18 days from my business on account of these injuries, 17 or 18 days on account of the injuries." This ground shows no cause for the grant of a new trial. "A special ground of a motion for a new trial must be complete within itself, and this court will not consider a ground which complains of the admitting of specified evidence the materiality of which can not be determined without an examination of the brief of evidence or of some other part of the record." *Mayor &c. of Gainesville* v. *White,* 27 *Ga. App.* 16 (107 S. E. 571) ; *Veal* v. *State,* 27 *Ga. App.* 300 (3) (108 S. E. 244) ; *Cæsar* v. *State,* 22 *Ga. App.* 796 (97 S. E. 255) ; *Tice Co.* v. *Evans,* supra; *Wellborn* v. *State,* 32 *Ga. App.* 55 (2) (122 S. E. 648) ; *Veal* v. *Montgomery,* 31 *Ga. App.* 20 (3) (120 S. E. 26).

■ "Rulings upon the sufficiency of pleadings are not proper subject-matter for a motion for a new trial." *Coulson* v. *State,* 13 *Ga. App.* 148 (2), 150 (78 S. E. 1108), and cit.; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623), and cit.

■ The court is alleged to have erred in ruling out evidence of certain experiments made by one W. E. Smith. In *DeLoach Mill*

*Mfg. Co.* v. *Tutweiler,* 2 *Ga. App.* 493 (3) (58 S. E. 790), it was held: "The admission of evidence of experiments is largely in the discretion of the trial court; and this discretion, unless manifestly abused, will not be controlled. For evidence of experiments to be admissible, there must be substantial similarity as to the essential and material fact affecting the comparison; if the comparison be predicated upon substantially different facts, the evidence will not only be irrelevant but will tend to confuse the jury." For evidence of experiments made out of court to be admissible they must be made under similar conditions to those they are sought to illustrate. *Hicks* v. *State,* 146 *Ga.* 221 (3) (91 S. E. 57). It is clear that the experiments as to which it was sought to submit evidence to the jury in this case could not have been made under the same conditions as the original transaction; hence they are not admissible. Moreover, we can not say that the trial judge abused his discretion in rejecting this evidence.

■ The court in charging the jury used the words "*reasonable care and diligence*" instead of the words "*ordinary care and diligence,*" and error is assigned thereon in the motion for a new trial. This is not such error as will require the grant of a new trial. In *Goodwyn* v. *Central of Ga. Ry. Co.,* 2 *Ga. App.* 470 (4) (58 S. E. 688), this court held: "The words 'ordinary care' embody the same degree of diligence as the words 'ordinary and reasonable care and diligence,' and have substantially the same significance. The words 'ordinary' and 'reasonable,' descriptive of diligence, are synonymous, and are used interchangeably in statutes and by the courts." See also *Atlanta, K. & N. Ry. Co.* v. *Tilson,* 131 *Ga.* 395, 403 (62 S. E. 281) ; *Central of Ga. Ry. Co.* v. *Mote,* 131 *Ga.* 166 (5) (62 S. E. 164).

■ Under the petition and the facts developed on the trial, and in the light of the entire charge, the court did not err in either of the following excerpts from the charge of which complaint is made: "He seeks to recover for damages to his clothing were torn and ruined. Well, that is an element of damage for which he could recover, if the defendant is liable, if he has shown by evidence the amount of damage to his clothing." "He also claims damage for his alleged permanent diminution of his ability to labor. That is also a matter for you to determine. Has his ability to labor been diminished? Will it continue in the future? If so, how long and

to what extent does the evidence show his ability to labor has been diminished or impaired?" In *Atlanta & West Point R. Co.* v. *Haralson,* 133 *Ga.* 231, 235 (65 S. E. 437), Justice Lumpkin said: "If a plaintiff seeks to recover for pecuniary losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery. But it has been held in this State that permanent diminution of capacity to labor is an element of damages for the consideration of the jury, in determining the amount of such recovery, along with evidence as to pain, suffering, disfigurement or the like, although no pecuniary value is proved by the evidence. It has been said that the loss of capacity to work is in the nature of pain, though no pecuniary loss be shown;" citing *Powell* v. *Augusta & Summerville R. Co.,* 77 *Ga.* 192, 200 (3 S. E. 757); *Atlanta Street R. Co.* v. *Jacobs,* 88 *Ga.* 647 (2), 648 (15 S. E. 825); *Brush Electric Light & Power Co.* v. *Simonshon,* 107 *Ga.* 73 (32 S. E. 904); *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500, 508 (16 S. E. 49). It is true that in the case of *Atlanta & West Point R. Co.* v. *Haralson,* supra, the judge charged, "If you find from the evidence that the plaintiff was injured, and that on account of such injuries the plaintiff's capacity to labor has been permanently lessened, then the plaintiff could recover therefor," and that he refused a request to charge: "Before the plaintiff can recover anything as damages on account of lessened ability to labor, he must show by the evidence that his capacity to labor has been lessened, and the pecuniary value thereof." The request to charge was too broad, and was erroneous because "the loss of capacity to work is in the nature of pain, though no pecuniary loss be shown." The foregoing excerpt from the charge in that case was held not erroneous, because the jury were "distinctly instructed that a right to recover on account of permanent impairment of capacity to labor, in the absence of proof as to earning capacity, did not authorize the recovery of anything on the latter ground, or for loss of time, that the plaintiff could recover nothing on these grounds, and that in arriving at their verdict they would allow nothing for loss of power or diminished capacity to make money or for loss of time, there being no evidence to authorize it. While the judge did not distinctly classify impairment of capacity to labor as being pain and suffering, under the ruling of *Atlanta Street R. Co.* v. *Jacobs,*

supra, we can not say that his charge on the subject was such as to require a new trial." Under the facts in the case of *City of Augusta* v. *Owens,* 111 *Ga.* 464, 479 (36 S. E. 830), the charge that "He would also be entitled to recover for his decreased capacity to work if you find from the evidence that the injury received is permanent" was sustained, the court saying in the opinion: "This charge we do not think authorizes the jury to have any reference to his *diminished earnings,* but it has reference only to his diminished *ability* to labor. But there is authority for the position that such permanent diminution of one's power to labor constitutes an element of damages where it is the result of an injury sustained, though there be no evidence that it had any effect upon the *earnings* of the injured party. See *Powell* v. *Aug. R. Co.,* 77 *Ga.* 200, where the principle is laid down that one who has to live long in pain is more damaged than one who has to endure suffering but for a brief term. With reference to damages from pain, we quote the following from the opinion in that case: 'It may be thought that the loss of ability to labor is not pain, but this is a mistake. There is no greater blessing of life than ability to labor, even though the proceeds may belong to another. It is better for happiness, as well as for virtue, to work for nothing than be idle. A physical injury that destroys the power of a human being to labor is one of the most serious injuries that it is possible to inflict.' " Where a recovery is allowed for permanent diminution of one's power to labor, and there is no evidence of diminished earning capacity, the recovery must be solely for mental pain caused by knowledge of such condition, and, as hereinbefore stated, the amount of such recovery must be measured by the enlightened conscience of impartial jurors. And so the judge charged in the case under consideration. See *So. Ry. Co.* v. *Hill,* 125 *Ga.* 354, 357 (54 S. E. 113).

■ When the entire charge is considered, the refusal of the court to give certain requested instructions, as set out in the 14th special ground of the motion, was not error. Moreover, this ground of the motion is not in proper form for consideration, it not being alleged that the requested instructions were pertinent and applicable to the facts of the case. *Hightower* v. *State,* 33 *Ga. App.* 73 (125 S. E. 511).

■ There was ample evidence to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*