20478. MOUNT *v.* SOUTHERN RAILWAY COMPANY *et al.*

DECIDED JANUARY 19, 1931.

*Porter & Mebane,* for plaintiff.

*Wright & Covington,* for defendants.

BELL, J. (After stating the foregoing facts.) Where a corporation contracts with another to do a work not in itself unlawful or attended with danger to others, under a contract whereby the work is to be done according to the contractor's own methods, and not subject to the employer's control or orders except as to the results to be obtained, the employer is not liable for the wrongful or negligent acts of such independent contractor or of his servants, and the mere fact that the employer may have had an agent to supervise the work for the purpose of seeing that it was done in accordance with the contract, without interfering with the methods or means of executing the work, would not amount to such control or direction of the work as would render the employer responsible. But under the express provisions of the law, the employer is liable for the negligence of the contractor, "if the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference." Civil Code (1910), § 4415; *Quinan* v. *Standard Fuel Supply Co.,* 25 *Ga. App.* 47 (102 S. E. 543), and cit.

In the instant case the allegations clearly and unequivocally charge that the railway company retained the right to direct and control the time and manner of executing the work, or did assume control, so as to create the relation of master and servant, and therefore it should not be said on demurrer that this defendant is not liable for the negligence of the contractor and its servants, as set forth in the petition. The court erred in sustaining the demurrer of the railway company.

For cases bearing upon this question, see *Harrison* v. *Kiser,* 79 *Ga.* 588 (4 S. E. 320); *Atlanta & Florida R. Co.* v. *Kimberly,* 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231); *Georgia R. Co.* v. *Miller,* 90 *Ga.* 571 (16 S. E. 939); *Savannah & Western R. Co.* v. *Phillips,* 90 *Ga.* 829 (17 S. E. 82); *Johnson* v. *Western & Atlantic R. Co.,* 4 *Ga. App.* 131 (2, 3) (60 S. E. 1023); *Lampton* v. *Cedartown Co.,* 6 *Ga. App.* 147 (2) (64 S. E. 495); *Huey* v. *Atlanta,* 8 *Ga. App.* 597 (3) (70 S. E. 71); *Newburn* v. *Healey*

*Real Estate Co.,* 17 *Ga. App.* 217 (86 S. E. 429) ; *International Agricultural Corp.* v. *Suber,* 24 *Ga. App.* 445 (101 S. E. 300) ; *Southern Hotel Co.* v. *Evans,* 28 *Ga. App.* 161 (110 S. E. 459) ; *Malin* v. *City Council of Augusta,* 29 *Ga. App.* 393 (2) (115 S. E. 504) ; *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685) ; *Zurich General Accident· Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173).

2. It is contended by the defendant Pace that the petition failed to show that this defendant knew or by the exercise of ordinary care could have known that the plaintiff's husband was on the scaffold, or in any position of peril, at the time of the acts charged to be negligent, and that an allegation of such knowledge was necessary to the statement of a cause of action, especially when called for by special demurrer. We can not agree with this construction of the petition. In paragraph 26 of the petition it is alleged in positive and express terms that the defendants Pace and McCullough knew that the plaintiff's husband was on the scaffold, and therefore that these defendants were guilty of negligence in doing a certain act which, as appeared in another part of the petition, caused the scaffold to fall. These allegations were made for the purpose of showing liability against the defendants Pace and McCullough. It is true that in paragraph 22 it is alleged that the foreman was negligent in failing to notify Pace and McCullough of the presence of the plaintiff's husband on the scaffold, and that if he had done so they would not have done the act which caused the decedent's death. This averment was made for the purpose of establishing the liability of a person or persons other than Pace and McCullough, and although there appears to be some contradiction between the allegations of paragraph 22 and those of paragraph 26, the petition was not subject to demurrer upon the ground that it failed to show that Pace knew or should have known of the decedent's presence upon the scaffold.

The allegations of paragraph 26 were not absolutely destroyed and rendered nugatory by those in the preceding paragraph 22. The petition may have been duplicitous, but there was no demurrer upon this ground. *Central R. Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750) ; *Pitts* v. *Smith,* 108 *Ga.* 37 (33 S. E. 814) ; *Seifert* v. *Sheppard,* 111 *Ga.* 814 (35 S. E. 673) ; *Central of Georgia Ry. Co.* v. *Banks,* 128 *Ga.* 785 (58 S. E. 352) ; *Citizens & Southern Bank* v.

*Union Warehouse Co.,* 157 *Ga.* 434, 455 (122 S. E. 327) ; *Miller* v. *Southern Ry. Co.,* 21 *Ga. App* 367 (5) (94 S. E. 619). The petition set forth a cause of action against the railway company and also against the defendant Pace, and the court erred in sustaining the demurrers of these defendants.

3. Counsel for the plaintiff, who is the plaintiff in error, have made no reference whatever to the exceptions to the overruling of the plaintiff's demurrers to the answers of the defendants. These exceptions are therefore treated as abandoned.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*