36595. BUCHANAN *v.* ATLANTA NEWSPAPERS, INC., *et al.*

Decided April 2, 1957.

Emory J. Kinard, J. Walter LeCraw, for plaintiff in error.

A. Paul Cadenhead, Marshall, Greene & Neely, contra.

NICHOLS, J. ■ The defendant Western Union Telegraph Company filed a motion to dismiss the writ of error as to it because no exception was taken within the time provided by law to the judgment of the trial court sustaining its general demurrer and dismissing the action as to it.

The trial court sustained this defendant's general demurrer and dismissed the action as to it on October 5, 1956, and the bill of exceptions which complains of this judgment was not tendered to the trial judge until January 3, 1957.

That plaintiff contends that it had 30 days from the date of the judgment sustaining the general demurrers of the joint defendant, Atlanta Newspapers, Inc., in which to except to the judgment of the trial court sustaining the general demurrer of this defendant. This contention is without merit, for, as was said in Veal v. Beall, 189 Ga. 31 (1) (5 S. E. 2d 5), "The cause of action not being joint, the ruling on a demurrer dismissing the action as to some of the defendants can not be excepted to after the plaintiff has proceeded with the action against the remaining defendants to a final judgment." See also Johnson v. Motor Contract Co., 186 Ga. 466 (198 S. E. 59). Accordingly, in the present case the motion to dismiss Western Union Telegraph Company as a defendant in error must be sustained.

■ The defendant newspaper, in one ground of its general demurrer which was sustained by the trial court, contends that the allegations of the petition make it affirmatively appear that the plaintiff was not using ordinary care for her own safety at the time she fell and was injured.

It is well settled and needs no citation of authority that a petition is to be construed most strongly against the pleader, and that unless it is palpably clear that the plaintiff is not entitled to recover for the alleged negligence of the defendant then the question shrould be submitted to the jury, and, " 'If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.' Code § 105-603. Where the danger is apparent, or is reasonably to be apprehended, the rule requiring the plaintiff to avoid the consequences of the defendant's negligence applies. *Collins* v. *Augusta, Aiken &c. Corp.*, 13 *Ga. App.* 124 (2) (78 S. E. 944)." *Fricks* v. *Knox Corp.*, 84 *Ga. App.* 5, 10 (65 S. E. 2d 423).

The allegations of the petition in the present case show that the plaintiff was a news vendor in the City of Atlanta selling Atlanta Journals and Atlanta Constitutions, (both published by the defendant newspaper), that she was required to transact her business with the newspaper at a location on the lower level of Forsyth Street, that she was not permitted to go through the lobby of the building which opened onto the upper level of Forsyth Street, that the only way she knew to reach the lower level of the street was down the stairway maintained by the defendant, that the stairway was constructed of metal, that it was worn slick, that it was cold and raining on the night in question, that no holes were cut in the stairs so as to permit water to run off the stairs, that the railing on the stairs was broken so that there was no railing for a distance of about three steps, that she was proceeding down the steps holding onto the rail, that she slipped on the steps and when she reached for the rail it was not there, (this happening to be at the broken place in the rail), and that she was injured. In addition to the above, the plaintiff's injuries were set forth, and process and judgment were prayed for.

It does not appear from the petition that the plaintiff was

making her first trip down the stairs, but on the contrary it appears that this was a frequent occurrence. Nor does it appear that this was on the only route by which she could have reached the lower level of Forsyth Street (the allegations that she was not permitted to enter through the lobby which opened onto the upper level of Forsyth Street, and that she knew of no other route would not authorize an inference that there was no other route), nor was it alleged that there was any substance on the steps other than the water (which the plaintiff was bound to know was there since it was an outside stairway and it was raining). Accordingly, it must be held that the plaintiff who traveled this route regularly was bound to know or should have known of any danger connected with the stairs just as much as the defendant, who, according to the petition, maintained the stairway, and bound by this knowledge (where the defect was not latent), it must be said that she assumed the risk *known to her* when she attempted to descend the stairway. Accordingly, the trial court did not err in sustaining the defendant newspaper's general demurrer and in dismissing the action.

*Writ of error dismissed as to the Western Union. Telegraph Company. Judgment sustaining the general demurrer of the remaining defendant affirmed. Felton, C. J., and Quillian, J., concur.*