38121.  MYERS v. PEARCE, by Next Friend.

236

DECIDED JUNE 22, 1960—REHEARING DENIED JULY 21, 1960.

*Robert R. Forrester, Whelchel & Whelchel,* for plaintiff in error.

*Eberhardt, Franklin, Barham & Coleman,* contra.

FELTON, Chief Judge. ■ The defects in the brief of evidence did not warrant a dismissal of the writ of error and were corrected by the additional transcript dated December 23, 1959. The motion to dismiss the writ of error is denied. *Reserve Life Ins. Co. v. Gay,* 99 Ga. App. 661(1) (109 S. E. 2d 919).

■ It is first contended that the court erred in overruling defendant's general demurrer because the petition failed to allege the defendant's residence or any other matter which would confer jurisdiction on the court. "All necessary jurisdictional facts must be clearly and distinctly set out in the petition, and their absence may be taken advantage of by demurrer." *Dutton v. Freeman,* 213 Ga. 445, 449 (99 S. E. 2d 204) and cit. Where jurisdiction depends upon residence, a petition which fails to allege the residence of the defendant in the county where the action is brought fails to show jurisdiction and is subject either to general demurrer specially pointing out this defect or to special demurrer. *Dutton v. Freeman,* supra; *Weatherly v. Southern Co-Op. Foundry Co.,* 111 Ga. 826 (36 S. E. 59); *Coney v. Horne,* 93 Ga. 723 (20 S. E. 213). The demurrer in this case, however, does not specially point out the defect in the petition, but seeks its dismissal on the ground that it "sets out no cause of action against the defendant." This is not sufficient to raise the question of jurisdiction except in cases where it affirmatively appears from the petition that the court does not have jurisdiction. *Burton v. Wadley Sou. Ry. Co.,* 25 Ga. App. 599, 605 (103 S. E. 881). Here there is nothing to show affirmatively that the court does not have jurisdiction. The petition simply fails to show affirmatively that the court *does* have jurisdiction. "A petition which fails to show jurisdiction of the person of the defendant, by failing to allege that she is a resident of the county in which the suit is brought, is not subject to a demurrer which does not specially point out that defect." *Moore v. Roberts,* 55 Ga. App. 268(2) (190 S. E. 41) and cit. The court did not err in overruling the general demurrer on this ground.

■ It is further argued that the general demurrer should have been sustained because the petition shows on its face that the plaintiff failed to exercise due care for his own safety. "A workman employed in working on or along the street or highway is required to exercise such care as a reasonably prudent or careful person would exercise under the same circumstances, and is justified in assuming that the driver of an automobile will exercise some care to avoid striking him. He may assume that such driver will use reasonable care and caution commensurate with visible conditions, and that he will approach with his car under reasonable control, and will observe and obey the rules of the road. To state the rule another way, a worker in the street or highway may assume that the driver of a vehicle will exercise due care to avoid injury to him, taking into account his required presence in the highway and his probable preoccupation with his task. While a worker engaged in the performance of tasks in the street or highway cannot utterly disregard the matter of his own safety from passing motor vehicles or wagons, his duty of care or vigilance is not the same as that of an ordinary pedestrain crossing a street or highway. Since his duties require his presence in the highway he occupies a special status, which must be considered in determining the degree of care he must exercise for his own safety. One employed at work in a street must necessarily devote his attention to his work and he should not be held guilty of contributory negligence merely because of a failure to keep a sharp lookout for approaching vehicles. He is not obliged to neglect his work to escape collision with those not exercising reasonable care, and is not required to keep a constant lookout for approaching vehicles." 5A Am. Jur. 705, Automobiles, § 738. Applying these principles to the case now before us, we conclude that the plaintiff, during his alleged work as a surveyor, was entitled to be upon the roadway and that it was a question for the jury whether he exercised such care during the performance of his duty' as a reasonably prudent person would exercise under the same circumstances.

It is further contended that the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence and is therefore not entitled to recover.

■

*Code* § 105-603. It is true that where the danger is apparent or is reasonably to be apprehended, the rule requiring the plaintiff to avoid the consequences of defendant's negligence applies. *Buchanan v. Atlanta Newspapers, Inc.,* 95 Ga. App. 428, 430 (98 S. E. 2d 96) and cit. While it is possible that under the allegations of the petition the plaintiff might have observed the approach of the defendant's vehicle, we cannot say as a matter of law that he could have or should have observed the acts of negligent driving alleged in the petition in time to have avoided their unfortunate consequences to himself. Under the facts here alleged the determination of these issues lies peculiarly within the province of the jury and the court did not err in overruling the general demurrer to the amended petition.

■ The defendant demurred specially to the following allegation of paragraph 8 of the amended petition: "Plaintiff avers that it was the duty of the defendant . . . not to drive the same into and against another human being" on the ground that it is an erroneous conclusion of law and is immaterial because a breach of the duty alleged does not in and of itself constitute actionable negligence. In another ground of special demurrer, the defendant sought to strike the allegation "disregarding her duties" in paragraph 9 of the amended petition for the reason that it failed to specify the duties which the defendant is alleged to have disregarded, which duties she is entitled to know specifically. In demurring specially to these paragraphs the defendant has in each instance lifted a particular phrase out of context from the whole paragraph and then complains that the language used, as in paragraph 8, is an erroneous conclusion of law, which it might be if taken out of context, but when the paragraph is taken and considered as a whole its obvious import is that the defendant was under a duty to and should have used ordinary care in the driving of her automobile on the highways so as to avoid colliding with other human beings thereon. While it is true that in paragraph 9 of the petition, the duties which defendant is charged with having disregarded are not particularized in that specific paragraph, the defendant nevertheless had already, and prior to the allegations of paragraph 9 of the petition, been charged with the duty of operating

her vehicle with ordinary care and in conformity with the traffic laws. Moreover, in the petition, as amended, it was charged that she was, at the time, not keeping a sharp lookout ahead, that she failed in her duty to keep to the right side of the road, failed to apply her brakes, operated her car at a speed that was greater than was reasonable and safe having due regard to the conditions then existing, including the width, grade, character, traffic and common use of the road and in such manner as to endanger life and limb, and that she failed to anticipate and detect the plaintiff's presence in the road and avoid striking him. Again it is obvious that it was these duties to which the plaintiff referred in paragraph 9 where it is alleged "the defendant, disregarding her duties, did on the 21st day of February, 1957 . . . drive her said automobile into and over the body of plaintiff with great force and violence, causing him to suffer great, severe, painful and permanent injuries. . ."

For the above reasons the trial court did not err in overruling the special demurrers to paragraphs 8 and 9 of the petition, as amended.

■ The defendant also demurred specially to the allegations of paragraph 11(g) concerning impairment or loss of ability to work on the ground that it constitutes "a duplication of damages sought elsewhere in the petition." Assuming that this demurrer is itself free from imperfection and that it was meritorious, any error in overruling it was rendered harmless by the instructions of the court specifically submitting loss of ability to work and labor as a part of pain and suffering.

The remaining grounds of special demurrer urged by the defendant attack allegations in the petition as to loss of future earnings. Since the plaintiff at the trial abandoned all his claims except for pain and suffering, the prior ruling on these demurrers is moot and will not be considered.

■ The general grounds of the motion for a new trial are without merit. Special grounds 1 through 3 complain that the verdict was excessive and special ground 4 complains that such verdict was excessive and the result of bias or prejudice because of certain facts alleged to have occurred on the trial of the case.

No error is assigned on the occurrences alleged to have oc-

curred on the trial of the case and it does not appear that the defendant requested that any instructions be given the jury other than those given the jury with reference to such matters. It further does not appear that the defendant was concerned about the alleged occurrences until *after* the jury returned its verdict against her. As will be shown, in other divisions of this opinion, the defendant fails to show any error which occurred on the trial of the case (either in the rulings on evidence or on the court's charge), the jury observed the plaintiff, heard the testimony as to his suffering and injuries and there is no showing that the verdict itself was so excessive as to show bias or prejudice. In *Holmes v. Burkett*, 98 Ga. App. 189, 192 (105 S. E. 2d 236), it was said: "There was abundant evidence, although all of it was not uncontradicted, that the plaintiff had suffered permanent injuries to her back and spinal column, that her earning capacity has been reduced as a result of such injuries, that in addition to hospital, doctors, drugs, and other incidental expenses which the plaintiff has already expended she will be forced to incur certain expenses in the future as a result of her injuries, and that her back and spine have continued and will continue in the future to give her pain. Under the decisions of this court in *City of Commerce v. Bradford*, 94 Ga. App. 284, 291 (94 S. E. 2d 160), and *Limbert v. Bishop*, 96 Ga. App. 652, 658 (101 S. E. 2d 148), it cannot be said that the verdict for the plaintiff for $16,000 was, as a matter of law, so excessive as to show bias and prejudice."

In the present case there was evidence, although not all uncontradicted, of a permanent injury to the plaintiff's back and spinal column and of an injury to his leg, there was evidence that he, in an effort to prevent further injury and additional pain to his back, should not engage in certain activities, that he had to (and should in the future), sleep on a hard surface, in addition to the evidence referred to with reference to the plaintiff's pain and suffering. Under these circumstances and the holdings in the above cases as well as the decision in *Seaboard Air-Line Ry. v. Miller*, 5 Ga. App. 402 (63 S. E. 299), it cannot be said that the verdict was excessive. Special grounds 1 through 4 are without merit.

■ Special ground 5 of the amended motion for new trial assigns error on the following instructions: "Although he prays for a judgment in the amount of $46,176.15 for pain and suffering, and $37,953 for loss of present, past and future earnings, plaintiff now in open court, states that he abandons the last item and only seeks to recover $46,176.15." Special ground 7 complains that the court erred in authorizing the jury to read the pleadings "for a more specific elaboration of contentions of the respective parties in this case." It is contended in both grounds that the court erred in failing to charge the jury in unequivocal language that the plaintiff was seeking to recover only for pain and suffering and that the charge as stated was misleading and confusing. If further instructions along these lines were desired by the defendant, they should have been the subject of a specific and timely request, and in the absence of such request there is no error in the charges complained of.

■ Special ground 6 complains that the court erred in charging the jury that the plaintiff claimed damages for diminished capacity to labor and work as a part of pain and suffering. It is contended that this is erroneous because the plaintiff claimed such damages "as a part of the alleged damages of $37,953 which the court charged the jury the plaintiff had abandoned." It is well settled that "impairment of ability to work and labor is an element of pain and suffering for which damages may be recovered by one who is physically injured by the negligence of another. It is the fact of impairment or loss of ability to work, with or without compensation, that is to be considered by the jury in determining the amount to be allowed for pain and suffering, and no evidence as to earnings is necessary in such calculation, the only standard of measurement being the enlightened conscience of impartial jurors." *Railway Exp. Agency, Inc. v. Standridge*, 68 Ga. App. 836, 837 (24 S. E. 2d 508) and cases cited therein; *City of Manchester v. Beavers*, 38 Ga. App. 337, 342 (144 S. E. 11) ; *Wall Realty Co. v. Leslie*, 54 Ga. App. 560 (3) (188 S. E. 600). In *City Council of Augusta v. Drawdy*, 75 Ga. App. 543, 549 (43 S. E. 2d 569) this court, after an exhaustive annotation of cases on this subject, concluded: "Our interpretation of these decisions is that, where there is no al-

legation and proof of lost earning capacity, the jury may consider the circumstance of lost earning capacity under the head of pain and suffering." See also in this connection *Chancey v. Shirah,* 96 Ga. App. 91(4) (99 S. E. 2d 365). We conclude therefore that the court did not err in submitting to the jury the issue of diminished capacity to labor and work as a part of pain and suffering even in the absence of a specific allegation relating thereto and that this ground of the motion for a new trial is without merit.

■ Special ground 8 assigns error on the following charge: "Now, diminished capacity to labor and work is an element of pain and suffering and is a legitimate item upon which damages may be recovered in consideration of pain and suffering. You are authorized to consider this element, if it exists, in arriving at the damages to be awarded for pain and suffering." It is contended that there is no evidence to show such diminished capacity, but on the contrary the evidence shows that the plaintiff has had three raises at regular intervals since the accident and is earning a good monthly salary. The jury could find from the evidence that the plaintiff's ability to lift objects is much less than before the injury; that his back hurts all the time and his left leg goes to sleep on occasions and that he suffers a slight atrophy of this leg. We think the jury could infer from these conditions that the earning capacity of the plaintiff diminished after the injury. As this court held in *Southern Hotel Co. v. Evans,* 28 Ga. App. 161(4) (110 S. E. 459): "There being evidence from which the jury could infer that the earning capacity of the plaintiff diminished after the injury, the exception to the charge on this contention of the plaintiff, upon the ground that such charge was unauthorized by the evidence, is without merit. The receipt of higher wages by a person after having been injured does not preclude the idea that his earning capacity has been diminished since the injury." It therefore appears that there is no merit in this ground of the amended motion.

■ The remaining special grounds of the amended motion for a new trial complain of the admission of various evidence over objection. In each ground it is averred that the ruling of the

court admitting the evidence "was error prejudicial to the defendant." "In a ground of a motion for new trial complaining of the illegal admission of evidence it must appear that the evidence was material and prejudicial to the movant, and how it was hurtful to him." *Davis v. McKenzie Motor Co.,* 46 Ga. App. 151 (1) (166 S. E. 869) and cit. *McLendon v. City of La-Grange,* 47 Ga. App. 690(2) (171 S. E. 307); *Childers v. State,* 100 Ga. App. 255(1) (110 S. E. 2d 697). Since it does not appear from the grounds under consideration that the evidence complained of was material or how and in what manner it was injurious to the defendant, these grounds are incomplete and raise no question for the consideration of this court.

██ None of the errors complained of requires a reversal of the judgments of the trial court.

*Judgments affirmed. Gardner, P. J., Townsend, Carlisle, Nichols, Bell and Frankum, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. I prepared the majority opinion in this case with the exception of divisions 4 and 6. I do not agree with the views expressed in those divisions or in the judgment.

The special demurrer to the allegation of paragraph 8 of the amended petition that it was the duty of the defendant not to drive her automobile into and against another human being is well taken. In *Minkovitz v. Fine,* 67 Ga. App. 176, 181 (19 S. E. 2d 561) this court observed: "Generally the defendant's negligence will not be presumed from the mere happening of the accident. In negligence cases the plaintiff has the burden of showing that the defendant failed to perform a duty owing to the plaintiff." The mere fact that the defendant drove her automobile into and against another human being does not of itself make her liable for the injury. In order to render her liable the collision must be caused by some negligence on her part which is the proximate cause of the plaintiff's injuries. It was therefore error to overrule this ground of special demurrer. "An error in overruling a demurrer to a pleading is prima facie harmful. Such error is not cured and rendered harmless unless it appears with reasonable certainty that no injury has resulted to the complaining party." *McDonald v. Wimpy,*

204 Ga. 617, 623 (50 S. E. 2d 347) and cit. Since it cannot be said as a matter of law that the evidence demands a finding that the defendant was negligent in any other specified particular, this error was not rendered harmless and, in my opinion, constitutes a ground for reversal of the judgment of the superior court. The demurrer seeking to strike the allegation "disregarding her duties" in paragraph 9 of the amended petition on the ground that the duties which the defendant is alleged to have disregarded are not specified therein is likewise valid in my opinion. While certain alleged duties of the defendant are set forth elsewhere in the petition with particularity, the allegation specially demurred to does not refer to these in any manner and is consequently subject to demurrer on the ground pointed out. I do not think that these special demurrers are unreasonable or "pernickety," as Justice Frankfurter once described the Georgia rules of pleading. It would have been a very simple matter for the court to have eliminated these errors from the pleadings. It is impossible for anyone to say that the errors were harmless.