40323. KAMINSKY v. BLACKSHEAR.

DECIDED SEPTEMBER 23, 1963—
REHEARING DENIED OCTOBER 16, 1963.

*Maxwell A. Hines,* for plaintiff in error.
*Reinhardt & Ireland, Glenn Whitley,* contra.

NICHOLS, Presiding Judge.　█　The defendant expressly abandoned all demurrers to the plaintiff's petition except those special demurrers numbered 2, 3, 4 and 5 which attacked allegations contained in two paragraphs of the plaintiff's petition as being conclusions unsupported by well pleaded facts.

The demurrers numbered 2, 3 and 4 attacked allegations of the petition that the plaintiff was driving at a lawful speed and was otherwise exercising ordinary care and diligence. Such allegations were allegations of fact, and not conclusions and the defendant's special demurrers were properly overruled. See *Charleston &c. R. Co. v. Lyons,* 5 Ga. App. 668 (2) (63 SE 862) ; *Etheridge Motors, Inc. v. Haynie,* 103 Ga. App. 676, 680 (120 SE2d 317).

The special demurrer numbered 5 complains that the allegations that the defendant failed to stop at a stop sign and ran into the path of the plaintiff's automobile "at a time when your petitioner's automobile was so close it was impossible for him to stop or avoid the collision," is a conclusion unsupported by well pleaded facts.

This allegation is no more than an allegation that the plaintiff

was free from fault. Such allegation is not necessary since the plaintiff is not required to negative his own negligence, *Young Women's Christian Assn. v. Barnett,* 93 Ga. App. 322 (91 SE2d 381), *Woolworth Co. v. Wood,* 32 Ga. App. 575 (2) (124 SE 110), and was mere surplusage and any error overruling such demurrer was not reversible. See *Morgan v. Crowley,* 91 Ga. App. 58, 66 (85 SE2d 40).

■ Special grounds 4 and 5 of the amended motion for new trial assign error on excerpts from the court's charge which authorized a recovery for future loss of earning capacity and the value thereof. It is contended that there was no evidence to support such charge since there was no evidence as to how long or to what extent the defendant would be incapacitated in the future. While there was no direct evidence that the plaintiff would be permanently incapacitated in the future, yet under the decision in *Southern Hotel Co. v. Evans,* 28 Ga. App. 161 (4) (110 SE 459), such charge was authorized, for as was there said: "There being evidence from which the jury could infer that the earning capacity of the plaintiff diminished after the injury, the exception to the charge on this contention of the plaintiff, upon the ground that such charge was unauthorized by the evidence, is without merit." There was evidence that the plaintiff had been totally incapacitated from the date of the collision, March 14, 1962, until the date of the trial, January 16, 1963. See also *Myers v. Pearce,* 102 Ga. App. 235, 246 (115 SE2d 842), and citations. That part of the charge which required the amount found for such damages to be reduced to its present cash value was not harmful to the defendant. "A charge, though erroneous, is not cause for reversal where favorable to the complaining party. *Crozier v. Goldman,* 153 Ga. 162 (7) (111 SE 666)." *Payne v. Norris,* 88 Ga. App. 850, 853 (78 SE2d 351).

■ Special ground 7 complains of an excerpt from the charge which, when considered with the remainder of the charge, shows no reversible error.

■ Special ground 6 assigns error on an excerpt from the charge dealing with the impeachment of witnesses. There was evidence adduced showing that one of the defendant's witnesses had been convicted of larceny. "The fact that a witness has been con-

victed of a crime involving moral turpitude is admissible for the purpose of discrediting his evidence. *Georgia Railroad v. Homer*, 73 Ga. 251. When such conviction has been proved, it is not error for the court to charge the jury upon the law as to the impeachment of witnesses. Evidence which discredits a witness on the ground of infamy tends to impeach him." *Ford v. State*, 92 Ga. 459 (1) (17 SE 667). See also *Shaw v. State*, 102 Ga. 660, 671 (29 SE 477). No error is shown by this ground of the motion for new trial.

■ Special grounds 8 and 9 complain of the rejection of certain cross examination of the plaintiff's witness wherein the defendant sought to cross examine the witness with reference to whether Federal withholding tax had been withheld from the plaintiff's wages and cross examination of the plaintiff as to whether he had filed tax returns State or Federal, for the year 1961. It is also contended that the defendant was denied the right to a thorough and sifting cross examination of the two witnesses.

Every party litigant is entitled to a thorough and sifting cross examination yet the discretion of the trial court to control such examination so as to limit the inquiry to relevant matter will not be interfered with unless such discretion is manifestly abused. See *Clifton v. State*, 187 Ga. 502, 508 (2 SE2d 102), and citations. It cannot be said that by sustaining the objections to specific questions asked the trial court abused his discretion to control the cross examination of the witnesses within reasonable bounds.

The specific questions objected to by the plaintiff were not such that their exclusion would be reversible error in as much as the answers to such questions dealing with whether the witnesses had complied with Federal and State tax laws would not have any connection with whether the witnesses had previously sworn the truth as to the earnings of the plaintiff. See *Granger v. National Convoy & Trucking Co.*, 62 Ga. App. 294 (7 SE2d 915). No error is shown by these grounds of the motion for new trial.

■ The evidence adduced upon the trial, while conflicting, authorized the verdict for the plaintiff and the trial court did not err in overruling the defendant's amended motion for new trial or for any reason assigned.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

 

### On Motion for Rehearing.

In her motion for rehearing the defendant contends that the excerpt from the charge dealt with in the second division of the opinion was in reality a charge on "lost future earnings" and not a charge on "lost earning capacity," and that the pleadings and evidence did not authorize such charge.

In support of this contention the defendant cites *Railway Exp. Agency v. Mathis,* 83 Ga. App. 415, 420 (63 SE2d 921). In *Jones v. Hutchins,* 101 Ga. App. 141 (113 SE2d 475), it was held that such case was more limited than the rule enunciated by the Supreme Court in earlier cases and there discussed. The petition alleged a total and permanent disability and as shown by the original opinion the evidence authorized a charge on the subject of lost earning capacity. As shown by the *Jones* case, supra, "This is not a charge on lost future earnings as such; it is a charge on diminished earning capacity, in which case it is quite proper and to the advantage of the defendant for the court to caution the jury that any amount included therein as lost earnings be reduced to present cash value. The only alternative to doing this is to leave the amount to the discretion of the jury, which might well result in the jury including a sum to represent lost future earnings not reduced to present cash value."

No error harmful to the defendant is shown by these grounds of the motion for new trial.

*Rehearing denied.*